THE STATE OF OHIO, APPELLANT, *v.* DAVIS, APPELLEE.

[Cite as *State v. Davis,* 121 Ohio St.3d 239, 2008-Ohio-4537.]

(No. 2007–1039—Submitted April 8, 2008—Decided September 16, 2008.)

MOYER, C.J.

{¶ 1} Under Crim.R. 7(D), a court may amend an indictment "at any time" if the amendment does not change "the name or identity of the crime charged." We consider whether an amendment that changes the penalty or degree of a charged offense is permissible under Crim.R. 7(D). We hold that Crim.R. 7(D) does not permit the amendment of an indictment when the amendment changes the penalty or degree of the charged offense, because such a change alters the identify of the offense. We affirm the judgment of the Fourth District Court of Appeals.

I

{¶ 2} Michael A. Davis was indicted in the Highland County Court of Common Pleas on several drug-related charges, including two counts of aggravated trafficking in drugs. One of the counts for aggravated trafficking in drugs charged as follows: "Michael A. Davis * * * did knowingly sell or offer to sell Oxycontin, a schedule II controlled substance *in the amount less than the bulk amount,* to wit: approximately 7.2 grams, in violation of 2925.03(A)(1) ORC

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

\* \* \*." (Emphasis added.) As written, the charge was a felony of the fourth degree. R.C. 2925.03(C)(1)(a) ("Except as otherwise provided in division (C)(1)(b), (c), (d), (e), or (f) of this section, aggravated trafficking in drugs is a felony of the fourth degree \* \* \*").[1]

{¶ 3} Upon motion of the state of Ohio and during the trial, the court amended the above charge for aggravated trafficking in drugs and increased the amount of controlled substance involved. The defense did not object to this amendment. The amended count charged: "Michael A. Davis \* \* \* did knowingly sell or offer to sell Oxycontin, a schedule II controlled substance *in an amount greater than five times the bulk amount but less than fifty times the bulk amount,* in violation of 2925.03(A)(1) ORC \* \* \*." (Emphasis added). As amended, the charge was a felony of the second degree. R.C. 2925.03(C)(1)(d) ("if the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated trafficking in drugs is a felony of the second degree").

{¶ 4} Davis was convicted on the amended charge of aggravated trafficking in drugs, as well as one charge of deception to obtain dangerous drugs. After holding that the amendment of the indictment was plain error, the Fourth District Court of Appeals reversed and remanded for further proceedings. The court determined that the amendment of the aggravated-trafficking charge was unlawful pursuant to Crim.R. 7(D). *State v. Davis,* Highland App. No. 06CA26, 2007-Ohio-2249, 2007 WL 1376934, ¶ 25. We accepted the discretionary appeal. *State v. Davis,* 115 Ohio St.3d 1420, 2007-Ohio-5056, 874 N.E.2d 537.

## II

{¶ 5} Crim.R. 7(D) provides that a court may amend an indictment "at any time before, during, or after a trial \* \* \*, *provided no change is made in the name or identity of the crime charged.*" (Emphasis added.) In the present case, no change was made to the name of the crime charged: Davis was charged with aggravated trafficking in drugs both before and after the amendment. The only issue before this court is whether an amendment that changes the penalty or degree of the offense thereby changes the identity of the crime.

{¶ 6} We have previously held that a particular amendment was proper when the amendment did *not* change the penalty or the degree of the offense. In *State*

---

1. The definition of "bulk amount" applicable to Oxycontin is "[a]n amount equal to or exceeding twenty grams or five times the maximum daily dose in the usual dose range specified in a standard pharmaceutical reference manual of a compound, mixture, preparation, or substance that is or contains any amount of a schedule II opiate or opium derivative." R.C. 2925.01(D)(1)(d).

*v. O'Brien* (1987), 30 Ohio St.3d 122, 123, 30 OBR 436, 508 N.E.2d 144, the state amended the indictment to specify the mens rea element of "recklessness" in a charge of endangering children. The mens rea, which was an essential element of the offense, had been omitted in the original indictment. Id. at 122–123, 30 OBR 436, 508 N.E.2d 144. This court held that the indictment was properly amended to include the mens rea element: "[T]he identity of this crime was not changed by the addition of 'recklessness' to the indictment. *Neither the penalty nor the degree of the offense was changed as a result of the amendment.* Since the addition of the culpable mental state of 'recklessness' did not change the name or identity of the crime of endangering children, the amendment was proper pursuant to Crim. R. 7(D)." (Emphasis added.) Id. at 126, 30 OBR 436, 508 N.E.2d 144. This court thus held that the amendment in *O'Brien* did *not* change the identity of the crime charged because it did not change the penalty or the degree of the offense.

{¶ 7} We have also previously indicated that an amendment was improper because the amendment would increase the severity of the offense. In *State v. Headley* (1983), 6 Ohio St.3d 475, 479, 6 OBR 526, 453 N.E.2d 716, the state amended the indictment to specify the type of controlled substance involved in a drug-trafficking charge, when the original indictment had not identified it. Although the issue was whether the original indictment was fatally defective—not whether the amendment was proper—this court analyzed the omission and subsequent amendment pursuant to Crim.R. 7(D).

{¶ 8} The court noted that "[t]he severity of the offense is dependent upon the type of drug involved," and in particular, that possession of certain controlled substances merits a charge of aggravated trafficking, while possession of others merits a charge of trafficking in drugs, a lesser offense. Id. at 479, 6 OBR 526, 453 N.E.2d 716. Following these statements, we concluded that an amendment to specify the type of drugs involved was improper: "Under this analysis, it is evident that R.C. 2925.03 sets forth more than one criminal offense with the *identity* of each being determined by the type of controlled substance involved." (Emphasis added.) Id. Amendment was improper because changing the type of drug involved would "change the very identity of the offense charged." Id.

{¶ 9} Pursuant to our decisions in *O'Brien* and *Headley,* we hold that Crim.R. 7(D) does not permit the amendment of an indictment when the amendment changes the penalty or degree of the charged offense; amending the indictment to change the penalty or degree changes the identity of the offense. In the present case, the amendment significantly increased the quantity of drugs alleged to have been sold. The amendment thereby changed the degree of the offense to a second-degree felony from a fourth-degree felony and altered the potential penalties as well. The amendment is therefore not permitted by Crim.R. 7(D).

{¶ 10} We disagree with the state's argument that *Headley* is distinguishable on the ground that the amendment in that case supplied "an essential element of the crime" that had previously been omitted. The state incorrectly cites the following passage in favor of this argument: "Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury." *Headley*, 6 Ohio St.3d at 478–479, 6 OBR 526, 453 N.E.2d 716. The above passage makes two statements: first, an indictment that omits an essential element is defective; second, a court cannot allow an amendment that would allow the court to convict the accused on a charge different from that found by the grand jury. The fact that the type of drug was an essential element of the offense never influenced the court's Crim.R. 7(B) analysis; rather, it influenced the court's analysis of whether the original indictment was defective. We therefore reject the state's argument that *Headley* is distinguishable on the ground that the amendment in that case changed an essential element of the crime. The state's attempt to justify the amendment at issue by arguing that it did not supply an essential element of the crime therefore fails.

### III

{¶ 11} Finally, we reject the state's argument that the amendment to the indictment at issue was not plain error. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error does not exist unless "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long* (1978), 53 Ohio St.2d 91, 97, 7 O.O.3d 178, 372 N.E.2d 804. The plain-error rule is applied "under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. It is clear that the facts in this case satisfy the criteria for plain error.

{¶ 12} Under Section 10, Article I of the Ohio Constitution, "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." If a court were permitted to amend an indictment to increase the penalty or degree of the offense, the court would be able to "convict the accused on a charge essentially different from that found by the grand jury." *Headley*, 6 Ohio St.3d at 478–479, 6 OBR 526, 453 N.E.2d 716. The error in this case thus clearly affected substantial rights and produced an outcome that would have been otherwise but for the error. It is also necessary to correct the error in order to prevent a manifest miscarriage of justice. We

therefore hold that the court of appeals was correct to hold that the error in this case was plain error.

## IV

{¶ 13} For the foregoing reasons, we hold that Crim.R. 7(D) does not permit the amendment of an indictment when such amendment changes the penalty or degree of the charged offense; amending the indictment to change the penalty or degree changes the identity of the offense. The judgment of the court of appeals is affirmed.

Judgment affirmed.

PFEIFER, O'CONNOR, and LANZINGER, JJ., concur.

CUPP, J., concurs in judgment only.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

---

CUPP, J., concurring in judgment only.

{¶ 14} Under the facts of this case and the structure of this criminal statute, I concur in the judgment of the court. I would not hold, however, as the court apparently does, that an amendment to an indictment that also changes the degree or the penalty of the crime upward will necessarily always result in a change to the identity of the crime.

---

**O'DONNELL, J., dissenting.**

{¶ 15} I respectfully dissent because in my view, an amendment to an indictment that alters only the severity of a charged offense does not violate Crim.R. 7(D).

{¶ 16} As set forth in Crim.R. 7(D), a trial court may amend an indictment "provided no change is made in the name or identity of the crime charged." The rule does not, however, specify that the identity of an offense includes its severity or penalty. In my view, the "identity" of the crime refers to its statutory definition, not its penalty. Thus, I agree with Justice Holmes, who stated in *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716, that "[t]o hold otherwise is also a hypertechnical and incorrect reading of the criminal rules and statutes which reading favors the criminal rather than protecting the general public." Id. at 480, 6 OBR 526, 453 N.E.2d 716 (Holmes, J., dissenting).

{¶ 17} In this case, Davis's indictment originally charged him with aggravated trafficking in less than the bulk amount of Oxycontin in violation of R.C. 2923.03(A)(1). After the amendment, the indictment continued to charge a violation of R.C. 2923.03(A)(1) but alleged that he trafficked in an amount of drugs between five and 50 times the bulk amount. Although the increase in the amount of the drugs also increased the severity of the offense from a fourth-degree felony to a second-degree felony, the amendment did not in any way alter the crime's identity.

{¶ 18} The majority's decision further disrupts the long-standing practice of trial courts throughout the state. If trial courts may no longer use Crim.R. 7(D) to amend indictments to conform to the evidence, then they will be forced to dismiss cases and send them back to the grand juries for reindictment. Not only is this result unnecessary, in my view, but it will prevent trial courts from effectively managing their dockets and their ever-increasing case loads.

{¶ 19} For these reasons, I respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

———

James B. Grandey, Highland County Prosecuting Attorney, and William L. Archer Jr., Assistant Prosecuting Attorney, for appellant.

Kelly Wallace Co., L.P.A., Michael P. Kelly, and Timothy J. Kelly, for appellee.