O’Donnell, J.,
dissenting.
{¶ 25} The majority opinion not only charts a new course for this court in capital eases, it also formulates a new analysis for consideration of issues arising *358 out of App.R. 9 and relaxes the appellant’s burden to demonstrate error on the record and to file a timely objection.
{¶ 26} On September 11, 2006, during jury deliberations in the guilt phase of Clinkscale’s retrial, after the jury in his first trial had not recommended the death penalty, the court excused juror number three, who reportedly had heart problems, and seated an alternate juror. Clinkscale did not object at that time. Three weeks later, however, on October 2, the record expressly confirms, in statements made by both defense counsel and the prosecutor, that Clinkscale raised no timely objection:
{¶ 27} “MR. SIMMONS [defense counsel]: * * * We wanted to object to that process [of dismissing the juror], but we were still arguing about the additional jury instruction. So, we never did actually put an objection on the record concerning the excusal of Juror Number Three.
{¶ 28} “ * * *
{¶ 29} “MS. REULBACH [prosecutor]: Then we decided, what are we going to do? Do we let her go to the doctor and come back? And everybody agreed as a group that we would let her go and seat the alternate.
{¶ 30} “There never was an objection.”
{¶ 31} Our jurisprudence requires that a party raising an objection do so in a timely manner. See, e.g., State v. Peagler (1996), 76 Ohio St.3d 496, 499, 668 N.E.2d 489 (“Generally, an appellate court will not consider any error that counsel could have called but did not call to the trial court’s attention at a time when such error could have been avoided or corrected by the trial court”). Clinkscale did not object at the time the trial court committed the error of which he complains, and his belated efforts only confirm that his objection came too late. That the case involves capital offenses does not relieve him of the obligation to raise a timely objection to preserve error for appeal. See, e.g., State v. Frazier, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 155 (holding that a capital defendant can, by failing to object, waive appellate review, other than plain-error review, of a claim under Atkins v. Virginia (2002), 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335, that executing a mentally retarded person violates the Eighth Amendment’s proscription against cruel and unusual punishment). And a party who fails to object forfeits all but plain error. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23-24.
{¶ 32} In State v. Palmer (1997), 80 Ohio St.3d 543, 554, 687 N.E.2d 685, the court expressly declined to recognize a presumption of prejudice from the existence of unrecorded bench and chambers conferences in capital cases. Rather, the court emphasized that the appellant bore the burden to “affirmatively demonstrate any material prejudice resulting from the unrecorded matters.” Id. *359 Further, the court stated, “[R]eversal of convictions and sentences on grounds of some unrecorded bench and chambers conferences, off-the-record discussions, or other unrecorded proceedings will not occur in situations where the defendant has failed to demonstrate that (1) a request was made at trial that the conferences be recorded or that objections were made to the failures to record, (2) an effort was made on appeal to comply with App.R. 9 and to reconstruct what occurred or to establish its importance, and (3) material prejudice resulted from the failure to record the proceedings at issue.” Id., citing State v. Grant (1993), 67 Ohio St.3d 465, 481-482, 620 N.E.2d 50; State v. Davis (1991), 62 Ohio St.3d 326, 347, 581 N.E.2d 1362; State v. Spirko (1991), 59 Ohio St.3d 1, 15-16, 570 N.E.2d 229; State v. Jells (1990), 53 Ohio St.3d 22, 32, 559 N.E.2d 464; State v. Tyler (1990), 50 Ohio St.3d 24, 41-42, 553 N.E.2d 576; State v. Brewer (1990), 48 Ohio St.3d 50, 60-61, 549 N.E.2d 491.
{¶ 33} I disagree with the majority’s conclusion that “defense counsel took sufficient measures, as required by Palmer, to give notice that a deficiency in the record existed and to appropriately remedy the deficiency.” Clinkscale did not meet the test established in Palmer.
{¶ 34} First, he raised no timely objection to the court’s ex parte communication with the juror, its substitution of that juror with an alternate, or its failure to record that part of the proceeding. Instead, he waited three weeks to assert any error, after the trial court had excused the deliberating juror and seated an alternate and after the jury had returned a guilty verdict.
{¶ 35} Second, Clinkscale made no effort to comply with App.R. 9(C), which provides: “If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.” Clinkscale did not attempt to prepare an App.R. 9(C) statement to settle any disputed facts in the record.
{¶ 36} Third, Clinkscale has failed to affirmatively demonstrate any material prejudice. Rather, he presents this court with mere speculation that the substitution of juror number three broke a jury deadlock and resulted in his conviction. However, the record does not demonstrate the prejudice that Clinkscale alleges; rather, it is unclear whether the trial court dismissed the lone dissenting juror. *360 Thus, Clinkscale “ ‘has not contradicted the presumption of regularity accorded all judicial proceedings.’ ” State v. Robb (2000), 88 Ohio St.3d 59, 87, 723 N.E.2d 1019, quoting State v. Hawkins (1996), 74 Ohio St.3d 530, 531, 660 N.E.2d 454.
{¶ 37} Therefore, Clinkscale has failed to demonstrate reversible error regarding the trial court’s failure to record its communications with the dismissed juror.
{¶ 38} Similarly, Clinkscale has failed to demonstrate plain error relating to the substitution of the deliberating juror. The Ohio and Federal Rules of Criminal Procedure both formerly prohibited the substitution of a juror once deliberations had commenced. However, Ohio and federal appellate courts have recognized that plain-error review applies to violations of the former versions of Crim.R. 24(G)(2) and Fed.R.Crim.P. 24(c)(3). See, e.g., Claudio v. Snyder (C.A.3, 1995), 68 F.3d 1573, 1575; United States v. McFarland (C.A.9, 1994), 34 F.3d 1508, 1514; United States v. Quiroz-Cortez (C.A.5, 1992), 960 F.2d 418, 420; United States v. Hillard (C.A.2, 1983), 701 F.2d 1052, 1058-1060; State v. Felder, Cuyahoga App. No. 87453, 2006-Ohio-5332, 2006 WL 2915681, ¶ 41; State v. Fisher (Mar. 12, 1996), Franklin App. No. 95APA04-437, 1996 WL 112670; State v. Miley (1991), 77 Ohio App.3d 786, 790, 603 N.E.2d 1070; see also 2 Wright, Federal Practice and Procedure (3d Ed.2000) 579, Section 388 (explaining that plain-error analysis applied to violations of former Fed.R.Crim.P. 24(c)).
{¶ 39} “Plain error does not exist unless ‘but for the error, the outcome of the trial clearly would have been otherwise.’ ” State v. Davis, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶ 11, quoting State v. Long (1978), 53 Ohio St.2d 91, 97, 7 O.O.3d 178, 372 N.E.2d 804. Speculation does not suffice to demonstrate plain error. See State v. Frazier, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 108 (finding no plain error when the accused’s claim “is totally speculative”). The record does not show that juror number three alone held out against a guilty verdict, that she sought to be dismissed because she felt pressured to reach a guilty verdict, or that the jury did not begin deliberations anew with the seating of the alternative juror. The trial court instructed the jury to start its deliberations over, and we presume that juries follow such instructions. State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 147.
{¶ 40} Trial judges must conduct all trial matters on the record, in open court, and with counsel participating when it communicates with a deliberating jury. That did not occur in this instance, but Clinkscale’s failure to object and to ensure the completeness of the record precludes all but plain-error review. As the Supreme Court of the United States has recently explained in the context of the excusal of a juror for cause following voir dire in a capital case, “We nevertheless take into account voluntary acquiescence to, or confirmation of, a juror’s removal. By failing to object, the defense did not just deny the conscientious trial judge an opportunity to explain his judgment or correct any error. It also deprived *361 reviewing courts of further factual findings that would have helped to explain the trial court’s decision.” Uttecht v. Brown (2007), 551 U.S. 1, 127 S.Ct. 2218, 2229, 167 L.Ed.2d 1014. Clinkscale has failed to perfect the record for appeal and has not demonstrated reversible error, plain or otherwise. For these reasons, I respectfully dissent.
Ron O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellee.
William S. Lazarow, for appellant.
Lundberg Stratton and Cupp, JJ., concur in the foregoing opinion.