[Cite as *State v. White*, 2014-Ohio-4153.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 JE 33 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SHANNON L. WHITE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Jefferson County,
Ohio
Case No. 13 CR 1

JUDGMENT:                                        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:                      Atty. Jane M. Hanlin
Prosecuting Attorney
Atty. Frank J. Bruzzese
Assistant Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio  43952

For Defendant-Appellant:                 Atty. Bernard C. Battistel
P.O. Box 803
Steubenville, Ohio  43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  September 18, 2014

WAITE, J.

{¶1}   Appellant Shannon L. White appeals his conviction and three-year prison sentence after he pleaded guilty to two counts of endangering children. Appellant argues that his counsel was ineffective for allowing him to plead to the more serious charge of endangering children, a second degree felony, when the original charge was unlawful sexual conduct, a third degree felony.  The record indicates that Appellant changed his plea to avoid being classified a Tier II sex offender because the charge of endangering children carries no such designation.  A defendant may negotiate to plead guilty to a different charge than is listed in the indictment, and an appeal of such a negotiated plea will usually be rejected on grounds of invited error.  *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶10.  Because there was no error in allowing the indictment to be amended, there is no basis to the claim of ineffective assistance of counsel.

{¶2}   Appellant also contends that the prison sentence was too severe due to allegedly incorrect findings made by the trial judge.  Appellant contends that the judge improperly found two factors that made the crime more serious than usual: that Appellant facilitated the offense by his relationship with the victim, and that the victim suffered serious physical harm.  The record shows that Appellant did have a prior relationship with the child and was still considered a family friend when the crime was committed.  The record also shows that the child suffered serious physical harm by being exposed to Appellant's sexually transmitted diseases (STDs).  In addition, the judge imposed only slightly more than the minimum sentence in this

case, and the record thoroughly supports the sentence. The judgment of the trial court is affirmed.

## Case Background

{¶3} On January 9, 2013, Appellant was indicted by the Jefferson County Grand Jury on two counts of unlawful sexual conduct with a minor, R.C. 2907.04(A), (B)(3), third-degree felonies with a possible penalty of 12 to 60 months in prison on each count. He was accused of having had sexual contact with a 15-year old minor female child on August 28, 2012 and October 1, 2012 in Jefferson County, Ohio. He pleaded not guilty and counsel was appointed.

{¶4} Plea negotiations were held that involved changing the charge to a charge of endangering children, a second degree felony, so that Appellant could avoid being designated a Tier II sexual offender. Appellant agreed in a written plea agreement to plead guilty to two counts of endangering children, and the charges were amended, via a joint motion to amend the indictment, by the filing of a superseding Bill of Information. The state agreed to recommend a two-year prison term.

{¶5} The change of plea hearing took place on August 27, 2013. The court reviewed the new plea with Appellant and all parties were aware of the new Bill of Information and agreed that it would supersede the indictment. The court accepted the new plea and the case proceeded immediately to sentencing. Both the state and Appellant's counsel noted that the element of serious physical harm was present in this case because the victim was exposed to Appellant's STDs which required

hospital treatment. (Tr., p. 14.) The prosecutor noted that Appellant had a prior relationship with the child that facilitated the offense, and that the age of the victim was an aggravating factor. Appellant acknowledged that he was a friend of the victim's family and had driven the victim to school. (Tr., p. 36.) The two instances of sexual contact took place at the victim's home and outside her school. The prosecutor mentioned that the victim was 15 years old and consented to the sexual encounter, "as much as a 15 year old can consent," and that there was no force, trickery or intoxication used to commit the crime. (Tr., p. 31.) The prosecution stated that Appellant had previous felony convictions for aggravated burglary, drug trafficking, and possession of drugs.

{¶6} The court concluded that the more serious sentencing factors outweighed the less serious factors, particularly in that the victim was 15 years old and did not have the capacity to consent to the crime, that she had to be hospitalized for treatment for STDs, that Appellant had a prior relationship with the victim, and that Appellant had served two prior prison terms of 9 and 3 years. The court sentenced Appellant to three years in prison on each count to be served concurrently. The judgment entry was filed on August 28, 2013, and this timely appeal followed.

ASSIGNMENT OF ERROR NO. 1

THE IMPOSITION OF THE THREE YEAR TERM OF INCARCERATION IS CONTRARY TO O.R.C. §2929.11 AND §2929.12.

{¶7}    Appellant's argument is that the trial court improperly weighed two sentencing factors against him that are not supported by the record. He believes that if the judge had not used those factors the sentence might have been less severe. Appellant is particularly concerned with two factors mentioned in R.C. 2929.12. First, R.C. 2929.12(B)(2) states: "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." The court found that the victim suffered serious physical harm by being exposed to STDs and because she needed to be hospitalized to receive treatment. Second, R.C. 2929.12(B)(6) states: "(6) The offender's relationship with the victim facilitated the offense." The court found that Appellant's relationship with both the victim and the victim's family facilitated the crime. Appellant does not believe either of these are supported by the record. Our review of the record reveals that Appellant is mistaken.

{¶8}    Appellate courts review felony sentences using a two-fold analysis: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4 (O'Connor, J., plurality opinion), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶9}    A sentencing court must consider the principles and purposes of sentencing found in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12. *State v. Mathis*, 109 Ohio St .3d 54, 2006-Ohio-855, ¶38. The

sentencing court need not make findings regarding these statutes in order to impose the maximum prison term. We have held that a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, ¶50. Only if the record affirmatively shows that the trial court failed to consider the principles and purposes of sentencing will a sentence be reversed on this basis, unless the sentence is strikingly inconsistent with relevant considerations. *Id.*

**{¶10}** Appellant does not argue that the sentence is contrary to law, but only that it constitutes an abuse of discretion. An abuse of discretion means more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Thus, in the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and R.C. 2929.12." *State v. Heverly*, 7th Dist. No. 09 CO 4, 2010-Ohio-1005, ¶34.

**{¶11}** The record reflects that Appellant had some type of STDs and that the victim needed to be hospitalized to be examined and treated for exposure to those diseases. (Tr., pp. 13-14, 31, 33.) The record also indicates that the victim suffered psychological trauma from the crime. (Tr., p. 35.) Obviously, some types of STDs can be life-threatening, and the transmission or attempted transmission of such diseases is a physical act harmful to the victim. Also, it is not inherent in the crime of endangering children (this being the charge that Appellant was convicted of) that the crime would involve a sexual assault or that the sexual assault would result in

exposure to STDs. Thus, the court properly considered the victim's exposure to Appellant's STDs as a type of serious physical harm, and a type of harm that enhanced the seriousness of the crime.

**{¶12}** Appellant contends that exposure to STDs was not physical harm because the victim did not actually contract any disease. The fact that the victim did not ultimately contract any diseases is not crucial in resolving this matter because the sexual assault in and of itself brought the charge of endangering children to a higher degree of seriousness. If Appellant had pleaded guilty to the original charge of unlawful sexual conduct with a minor, there may have been an argument to be made regarding whether the victim's exposure to STDs should have been an enhancing factor at sentencing. Since he did not plead guilty to a sexual offense, but to endangering children, the inherent physical harm that accompanies unlawful sexual conduct was automatically an enhancing sentencing factor rather than being a necessary element of the crime. The exposure to STDs that required hospital care further enhanced what was already serious physical harm. There is also evidence of severe psychological harm, which is yet another enhancing factor pursuant to R.C. 2929.12(B)(2), so any error in the court's use of Appellant's STDs as an enhancing factor would be harmless.

**{¶13}** The record reflects that Appellant's counsel agreed that exposure to Appellant's STDs constituted serious physical harm. (Tr., p. 14.) Appellant additionally fails in this assignment of error because the alleged error was invited by Appellant's own counsel. "The doctrine of invited error estops an appellant, in either

a civil or criminal case, from attacking a judgment for errors the appellant induced the court to commit. Under that principle, a party cannot complain of any action taken or ruling made by the court in accordance with the party's own suggestion or request." *Royse v. Dayton*, 2d Dist. No. 24172, 2011-Ohio-3509, ¶11, citing *State v. Woodruff*, 10 Ohio App.3d 326, 327, 462 N.E.2d 457 (2d Dist.1983).

**{¶14}** The record also shows that Appellant knew the victim's family, was a friend of the family, spent time in the victim's home, and drove the victim to school. (Tr., p. 34.) One of the crimes even took place at the school, and the other in the victim's home. Appellant contended that his relationship with the family had ended years ago and was no longer active, but the victim's mother stated that her daughter "looked at him as mommy's friend and he took advantage of that." (Tr., p. 34.)

**{¶15}** We note that the court imposed a prison term only slightly greater than the minimum prison term available, so any R.C. 2929.12 factor that might tend to make the crime appear more serious than normal or any factor indicating a likelihood of recidivism would support the sentence that was imposed. Appellant fully acknowledged that he had juvenile and adult criminal records and that he had spent several years in prison. Appellant also showed little remorse by verbally attacking the victim's mother at the sentencing hearing and by accusing the victim of facilitating the crime by lying about her age. (Tr., pp. 35-36.) These are all R.C. 2929.12 factors that support imposing more than a minimum prison term in this case.

**{¶16}** The record reflects the trial court's consideration of the factors found in R.C. 2929.12, and there was no abuse of discretion in considering Appellant's

relationship with the victim or the fact that he exposed the victim to STDs. Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 2

DEFENSE COUNSEL RECOMMENDING AND/OR SUGGESTING A PLEA OF GUILTY TO A MORE SERIOUS CHARGE RESULTED IN PREJUDICIAL ERROR AND INNEFFECTIVE [SIC] ASSISTANCE OF COUNSEL.

{¶17} Appellant argues that his counsel committed ineffective assistance of counsel by allowing Appellant to plead guilty to a higher degree of crime than was contained in the original indictment. Appellant's original charge was a third degree felony, and the charge to which he pleaded guilty was a second degree felony. Appellant argues that this violates Crim.R. 7(D), which allows the court to amend an indictment at any time provided no change is made in the name or identity of the crime charged. Appellant concludes that competent counsel would not have allowed him to plead to a crime in violation of Crim.R. 7(D).

{¶18} To prevail on a claim of ineffective assistance of counsel, Appellant must show not only that counsel's performance was deficient, but also that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984); *see also, State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶107. "Deficient performance" means performance falling below an objective standard of reasonable representation. "Prejudice," in this

context, means a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *Strickland* at 687-688, 694.

{¶19} Since the argument in this assignment of error is ineffective assistance of counsel and not simply an alleged violation of Crim.R. 7(D), the first question is whether counsel made any error that demonstrates deficient performance. The alleged error raises questions as to counsel's knowledge of the law regarding the amendment of indictments. However, the law in this area is not fully settled. In 2008, the Ohio Supreme Court determined in *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, that "Crim.R. 7(D) does not permit the amendment of an indictment when the amendment changes the penalty or degree of the charged offense[.]" *Id.* at syllabus. In *Davis*, the prosecutor amended an indictment before trial to raise the degree of an aggravated trafficking in drugs offense from a fourth degree to a second degree felony. The case went to trial and the defendant was convicted, but the conviction was reversed due to the indictment error.

{¶20} The Ohio Supreme Court partially reversed *Davis* only two years later in *Rohrbaugh*, which held that, despite Crim.R. 7(D), a defendant may negotiate to plead guilty to a different charge than is listed in the indictment, and an appeal of such a negotiated plea will be rejected on grounds of invited error. *Rohrbaugh*, *supra*. *Rohrbaugh* acknowledged that an amendment to a higher degree of crime technically amounts to a violation of Crim.R. 7(D). *Id.* at ¶8. But because the error in *Rohrbaugh* was created by the defendant as part of the plea bargain process, the Ohio Supreme Court determined that the error was not reversible. *Id.* at ¶10.

*Rohrbaugh* held that "[a] defendant may plead guilty to an indictment that was amended to change the name or identity of the charged crime when the defendant is represented by counsel, has bargained for the amendment, and is not prejudiced by the change." *Id.* at syllabus. Although *Rohrbaugh* does not specifically state that the modified charge may be of a higher degree, its holding pertains to any modification of the charges in an indictment. Nevertheless, no caselaw directly supports the state's position that an indictment may be amended to a higher degree charge as part of the plea bargain process.

{¶21} Appellant's counsel, in an effort to gain an advantage for his client, did not raise or challenge this ambiguity in the law. Instead, he decided to agree with the prosecutor that the indictment could be amended from unlawful sexual conduct to endangering children so that Appellant would not be designated a sex offender, which carries numerous reporting and registration requirements pursuant to R.C. Chapter 2950. Since the prosecutor was willing to change the offense to endangering children and because doing so achieved the goal of his client, defense counsel arranged for the indictment to be changed. Counsel used an ambiguity in the law to his client's benefit. Thus, ineffective assistance of counsel cannot be established by the record. Appellant's second assignment of error is overruled.

## Conclusion

{¶22} Appellant challenges both the length of his sentence and the conviction itself (via a claim of ineffective assistance of counsel). The record supports the sentence. The trial court correctly found that a variety of R.C. 2929.12 factors

applied in this case to warrant a sentence higher than recommended in the plea agreement. Also, there is no ineffective assistance because defense counsel allowed the indictment to be amended in a way that took advantage of an ambiguity in Crim.R. 7(D), while providing a desired benefit to Appellant. Hence, counsel was actually quite effective in representing his client. The two assignments of error are overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.