[Cite as *State v. McKenzie*, 2016-Ohio-5775.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,                                   CASE NO. 13-16-07

    PLAINTIFF-APPELLEE,

    v.

                                           O P I N I O N

FENTON MCKENZIE,

    DEFENDANT-APPELLANT.


Appeal from Tiffin-Fostoria Municipal Court

Trial Court No. 15TRD2539

Judgment Affirmed

Date of Decision:  September 12, 2016


APPEARANCES:

    *Tim A. Dugan* for Appellant

    *Hunter M. Brown* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Fenton McKenzie ("McKenzie") brings this appeal from the judgment of the Tiffin Municipal Court granting the State's motion to amend the citation. For the reasons set forth below, the judgment is affirmed.

{**¶2**} On July 15, 2015, McKenzie was issued a citation for speeding. Doc. 1. The citation indicates that the speed was over the legal limit and was a violation under R.C. 4511.21(D)(1). *Id.* However, the citation stated that the speed was six miles per hour ("mph") in a 55 mph zone. *Id.* On August 7, 2015, the State filed a motion to amend the citation to reflect that McKenzie was actually traveling at 67 mph in the 55 mph zone. Doc. 4. The motion indicated that the trooper had mistakenly entered "6" instead of "67" in the system. *Id.* McKenzie objected to the amendment claiming that it would change the penalty or degree of the charged offense and that the change is prohibited by Crim.R 7(D). Doc. 7. A hearing was held on the motion and on December 9, 2015, the trial court granted the motion to amend the citation. Doc. 14. On December 28, 2015, McKenzie changed his plea to one of "no contest" and was found guilty of the speed violation. Doc. 18. McKenzie appeals the judgment and raises one assignment of error.

> **The trial court erred in amending the complaint that changed the identity of the charge.**

**{¶3}** On appeal, Mckenzie claims that the trial court was prohibited from amending the citation by Crim.R. 7(D) and the Ohio Supreme Court's ruling in *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609.

> **The court may at any time before, during, or after a trial amend the \* \* \* complaint \* \* \*, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.**

Crim.R. 7(D). The Supreme Court in *Davis* indicated that an indictment cannot be amended if it would alter the name of the offense or the identity of the crime. *Davis, supra*. The identity of a crime is changed when the penalty or degree of the offense is altered by the amendment. *Id*. at ¶ 5.

**{¶4}** In this case, the sole change to the complaint was one which stated the factual speed that McKenzie was traveling. The citation, aka the complaint, provided notice to McKenzie that he had been driving at a speed in excess of the posted speed limit in violation of R.C. 4511.21(D)(1). This statute provides notice that to be an offense, the driver had to be operating the vehicle in excess of 55 mph. *Id.* The error on the ticket was that the officer wrote 6 instead of 67. However, this error had nothing to do with either the name of the offense or the identity of the crime charged. The typographical error went to an underlying fact in support of the offense, not the crime itself. The documents provided in support of the motion to amend the citation included the information that McKenzie indicated that he "knew he was doing 65, was looking for a speed limit sign, coming from Toledo" and that

he was cited for driving 67 mph in a 55 mph speed zone.  Doc. 4.  The information sought to be amended was just an evidentiary element, the speed which McKenzie was traveling, that would need to be proven at trial.  The proof would not have come from the citation, but from the testimony of the trooper.  McKenzie received notice of the name and identity of the offense with which he was charged.  No change was made to either of these by the amendment.  Thus, pursuant to Crim.R. 7(D), the State could amend the complaint and the trial court did not err in permitting the State to do so.  The assignment of error is overruled.

{¶5} Having found no error in the particulars assigned and argued, the judgment of the Tiffin Municipal Court is affirmed.

*Judgment Affirmed*

**PRESTON and ROGERS, J.J., concur.**

**/hls**