[Cite as *State v. Brown*, 2016-Ohio-7221.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103491**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# FREDRIC A. BROWN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587887-A

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 6, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY: Jeffrey Gamso
Assistant Public Defender
310 Lakeside Ave., Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Marcus A. Henry
        Holly Welsh
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Fredric Brown appeals his convictions for trafficking in persons in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

**Facts and Procedural Background**

{¶2} Brown was indicted on August 5, 2014 on two counts of trafficking in persons naming two separate victims, two counts of compelling prostitution and one count of possessing criminal tools. The case proceeded to a bench trial on May 13, 2015. Prior to trial, the state moved to amend both counts of trafficking in persons to remove what it described as a "typo." The alleged "typo" was the inclusion in the indictment of an additional mens rea of knowledge on the part of Brown that the respective victims in the two counts of trafficking in persons were less than 16 years of age at the time of the offense. Brown's trial counsel did not object to the amendment, conceding that such mens rea regarding the age of the victims was not an element of the offense pursuant to R.C. 2905.32(A)(2)(a). The trial court allowed the amendments, the case proceeded to trial and Brown was found guilty on all five counts.

{¶3} The trial court found Brown's convictions for trafficking in persons and compelling prostitution as to the separate victims to be allied offenses and merged the offenses. The trial court also merged Brown's conviction for possessing criminal tools into the above counts. The state elected to proceed to sentencing under the two counts of trafficking in persons. The trial court imposed a 10-year prison term on the first count

of trafficking in persons and a 13-year prison term on the second count. The court ordered the two terms to be served concurrently. Brown was also found to be a tier three sex offender.

### I. The Amendment of the Indictment

{¶4} In his first assignment of error, Brown argues that the trial court violated his right to an indictment by a grand jury under Section 10, Article I of the Ohio Constitution and the Fifth Amendment of the United States Constitution by allowing the amendment of the indictment for the purposes of deleting the extraneous mens rea regarding the age of the victims.

{¶5} The parties do not dispute that the deleted language was not required to establish a violation of trafficking in persons under R.C. 2905.32(A)(2)(a). Brown instead argues that he was prejudiced by the trial court's amendment because the state was not held to the additional, heightened burden stated in the indictment returned by a grand jury.

{¶6} Under Crim.R. 7(D), a court may amend an indictment "at any time" if the amendment does not change "the name or identity of the crime charged." *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 69. An amendment that changes the penalty or degree of the charged offense changes the identity of the offense and is not permitted by Crim.R. 7(D). *Id.*, citing *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, syllabus. However, "[a]s long as the state complies with Crim.R. 7(D), it may cure a defective indictment by amendment, even if the original

indictment omits an essential element of the offense with which the defendant is charged." *Id.*, quoting *State v. Pepka*, 125 Ohio St.3d 124, 2010-Ohio-1045, 926 N.E.2d 611, ¶ 15.

{¶7} The present case involves not the omission of an essential element but rather the deletion of a superfluous one. Regarding this distinction, Brown's argument relies upon the United States Supreme Court's decision in *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887). In *Bain*, the indictment charged that Bain, the cashier and director of a bank, made false statements "with intent to deceive the Comptroller of the Currency and the agent appointed to examine the affairs" of the bank. *Id.* at 4. Before trial, the court struck the words "the Comptroller of the Currency and," on the ground that they were superfluous. The jury found *Bain* guilty. *Id.* at 4-5. *Bain* challenged the amendment to the indictment in a petition for a writ of habeas corpus. The court held that the deletion of allegations from the indictment that would not have been necessary to prove the offense was an unconstitutional amendment that compromised the defendant's right to be tried only on a grand jury's indictment. *Id.*; *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed. 2d 860 (2002); *United States v. Miller*, 471 U.S. 130, 140-145, 105 S.Ct. 1811, 85 L.Ed. 2d 99 (1985).

{¶8} However, the Supreme Court retreated from this particular portion of *Bain*'s holding in *United States v. Miller*, 471 U.S. 130, 140-145, 105 S.Ct. 1811, 85 L.Ed. 2d 99 (1985). The *Miller* court noted that *Bain* involved an amendment that deleted from an indictment allegations that would not have been necessary to prove the offense. *Miller*

proceeded to overrule that portion of *Bain*'s holding that such an amendment was unconstitutional:

> To the extent *Bain* stands for the proposition that it constitutes an unconstitutional amendment to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it, that case has simply not survived. To avoid further confusion, we now explicitly reject that proposition.

*Id*. at 144.

{¶9} Consistent with *Miller* and Crim.R. 7(D), we find no error in the trial court's amendment of the indictment for the purpose of deleting the superfluous mens rea here.

{¶10} Brown's first assignment of error is overruled.

**II. The Victim's Age**

{¶11} In his second assignment of error, Brown argues that the state failed to introduce sufficient evidence to establish the age of R.W., the victim in his first count of trafficking in persons.

{¶12} The state alleged that R.W. was less than 16 years of age at the time of the offense and was required to prove this fact in order to sustain a conviction for trafficking in persons in violation of R.C. 2905.32(A)(2)(b).

{¶13} R.W. did not testify at trial. However, the state introduced R.W.'s medical records during the testimony of a S.A.N.E. nurse who examined R.W. following the offense. The medical records are replete with references to R.W.'s date of birth, May 3, 1999. As such, the records establish that R.W. was 15 years old on the date of the offense, to-wit date of offense July 28, 2014. Brown stipulated to R.W.'s medical

records reserving only a confrontation clause objection due to the fact that R.W. failed to testify at trial.[1]

{¶14} Brown argues that R.W.'s date of birth contained within the medical records constitutes inadmissible hearsay. However, his stipulation did not reserve any objection to the medical records regarding hearsay contained therein and, therefore, his present hearsay challenge is precluded. *Wingfield v. Howe*, 8th Dist. Cuyahoga No. 85721, 2006-Ohio-276, ¶ 29, citing *Wilson v. LTV Steel Co., Inc.*, 8th Dist. Cuyahoga No. 59515, 1992 Ohio App. LEXIS 3007 (June 11, 1992); *Havens v. Havens*, 10th Dist. Franklin No. 11AP-708, 2012-Ohio-2867, ¶ 21.

{¶15} We note that even if Brown had elected to condition his stipulation to R.W.'s medical records upon a hearsay objection, the S.A.N.E. nurse in this case testified that she obtained information from the patients as to the nature of their injuries and causes for medical treatment. The nurse's gathering and documentation of the victim's date of birth would be admissible as a statement made for purposes of medical diagnosis or treatment under the hearsay exception contained within Evid.R. 803(4).[2]

{¶16} Brown's second assignment of error is overruled.

---

[1]Although not directly raised in Brown's argument, we note that the Ohio Supreme Court has held that statements made for the purpose of medical diagnosis and treatment are nontestimonial. *State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, ¶ 28, citing *State v. Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944, ¶ 63.

[2]The victim's date of birth appears more than 20 times within her medical records from this incident. One can hardly argue that that level of documentation by medical providers was accomplished for an investigative purpose rather than for providing appropriate medical treatment.

### III. Ineffective Assistance of Counsel

**{¶17}** In his third assignment of error, Brown argues that his trial counsel failed to provide effective assistance of counsel by failing to object to the alleged errors addressed in the first two assignments of error.

**{¶18}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶19}** For the reasons addressed in the first two assignments of error we find no merit to Brown's ineffective assistance of counsel claim. In addition to the above arguments, Brown also argues that his trial counsel was ineffective for failing to object to hearsay testimony regarding R.W.'s age that was introduced during the testimony of one of the responding police officers. However, Brown was not prejudiced by his counsel's failure to object to this testimony because R.W.'s age was established within the stipulated medical records.

**{¶20}** Brown's third assignment of error is overruled.

**{¶21}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for the execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR