[Cite as *State v. Bucklew*, 2017-Ohio-860.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-16-017

      Appellee                                   Trial Court No. 15CR579

v.

Jody Bucklew                                          **DECISION AND JUDGMENT**

      Appellant                                  Decided:  March 10, 2017

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney,
for appellee.

Jon M. Ickes, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 27, 2016 judgment of the Sandusky County

Court of Common Pleas, sentencing appellant to a three-year term of incarceration.  On

July 1, 2015, appellant was indicted on one count of unlawful assembly of chemicals for

the manufacture of drugs, in violation of R.C. 2925.041(A), a felony of the third degree

incorrectly charged in the indictment as a felony of the second degree, and one count of the aggravated possession of unlawful drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree. Following a jury trial, appellant was found guilty solely of Count 1 of the indictment. For the reasons set forth below, this court reverses and vacates the judgment of the trial court.

{¶ 2} Appellant, Jody Bucklew, sets forth the following three assignments of error:

I. The trial court failed to dismiss the indictment at the conclusion of the State's case based on Defense counsel's Rule 29 motion where the indictment inaccurately stated the level of offense and sentencing requirements and the State failed to introduce any evidence that the drugs in question were either a Schedule I or Schedule II drug.

II. Appellant received ineffective assistance of counsel where her trial counsel failed to take any action to correct the fact that the indictment incorrectly stated the level of the offense and potential sentence upon conviction.

III. The Trial Court failed to dismiss the indictment at the conclusion of the State's case based on Defense counsel's Rule 29 motion where the State failed to produce sufficient evidence to sustain a conviction.

2.

{¶ 3} The following undisputed facts are relevant to this appeal. In early 2015, police officers affiliated with several different law enforcement agencies began investigating covert methamphetamine manufacturing locations in Sandusky County, Ohio.

{¶ 4} Following the receipt of information from a confidential informant, the officers conducted an examination of the contents of the trash put out in front of a suspect residence located in the town of Clyde, Ohio.

{¶ 5} Items recovered from the trash pull operation were consistent with the unlawful manufacture of methamphetamine taking place at that location. Among the items recovered was a purchase receipt reflecting that appellant had acquired an unusual chemical that is also a key methamphetamine component. Accordingly, the officers secured a search warrant for the residence. On March 26, 2015, the search was performed. Multiple drug paraphernalia items were recovered, along with suspected quantities of methamphetamine.

{¶ 6} On July 1, 2015, appellant was indicted on one count of the illegal assembly of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), a felony of the third degree incorrectly charged as a felony of the second degree, and one count of aggravated possession of unlawful drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree.

{¶ 7} On August 19, 2015, appellee moved to amend the indictment to incorporate necessary language specifying an address where the violations occurred and also the

3.

county within which the address is situated. Appellee sought no further amendments to the indictment.

{¶ 8} On November 24, 2015, appellant filed a motion to suppress the evidence recovered in the search. On March 10, 2016, the motion to suppress was denied. On April 13, 2016, following a jury trial, appellant was found guilty only on Count 1 of the indictment, the assembly of chemicals for the manufacture of drugs offense. On April 27, 2016, appellant was sentenced to a three-year term of incarceration. This appeal ensued.

{¶ 9} All three assignments of error are rooted in the common premise that the indictment pursuant to which appellant was convicted incorrectly, and fatally, stated that the first count of the indictment was a felony of the second degree, and thereby also incorrectly set forth the potential penalty range based upon the initial error.

{¶ 10} Notably, appellee concurs with appellant both that the error occurred and also that the nature of the error was fatal, necessitating a full reversal of the case. We concur with both parties.

{¶ 11} The record reflects that the underlying indictment charged appellant with a violation of R.C. 2925.041(A). The record further reflects that the indictment incorrectly stated that the offense was a second-degree felony, thereby incorrectly implicating the potential range of criminal sanctions associated with the offense.

{¶ 12} R.C. 2925.041 (A) establishes in relevant part, "No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled

4.

substance in schedule I or II." In conjunction with the above, R.C. 2925.041(C) establishes in relevant part, "Except as otherwise provided in this division, illegal assembly or possession of chemicals for the manufacture of drugs is a felony of the third degree."

{¶ 13} The record shows that appellant was incorrectly indicted for a second-degree felony based upon a claimed third-degree felony offense. The record further shows that no evidence whatsoever was presented in this matter establishing that the substances recovered from appellant's premises constituted an unlawful schedule I or II chemical.

{¶ 14} Lastly, while the record reflects that appellee did not attempt to amend the indictment to correct the above-described flaw, regardless, as established by *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, ¶ 13, "Crim.R. 7(D) does not permit the amendment of an indictment when the amendment changes the penalty or degree of the charged offense; amending the indictment to change the penalty or degree changes the identity of the offense."

{¶ 15} We have carefully reviewed and considered this matter. We find, and appellee concedes, that the indictment from which this case arose incorrectly, and fatally, stated the level of the criminal offense and the associated potential range of criminal sanctions. The record shows no conceivable facts or circumstances from which the propriety of a case arising from the subject indictment could be properly salvaged.

5.

**{¶ 16}** Wherefore, we find appellant's assignments of error well-taken. The judgment of the Sandusky County Court of Common Pleas is hereby reversed and vacated in its entirety. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed and vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE