OPINION
{¶ 1} Appellant Rena Watson appeals from her conviction for disorderly conduct in the Canton Municipal Court, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the afternoon of May 1, 2004, Officer Todd Gillilan of the Canton Police Department was dispatched to a reported domestic disturbance on 22nd Street NE. The initial reports indicated that a female had been seen on the street and sidewalk, striking her eleven-year-old daughter with a belt. Gillilan was subsequently alerted that the woman, later identified as Appellant Watson, was in a blue car with the daughter. Gillilan soon observed the car near Mahoning Avenue and made a traffic stop.
 {¶ 3} Gillilan approached the Watson vehicle and observed the daughter, Kenyetta, in the back seat. She had "a little bit of blood" on her face and what appeared to be welts on her arms and legs. Tr. at 7-9. Gillilan also discovered a "strap belt" on the front seat. Tr. at 10.
 {¶ 4} Following further police investigation, appellant was charged with child endangering, R.C. 2919.22. Appellant pled not guilty. Prior to the start of the trial, the State made an oral motion to amend the charge to disorderly conduct, R.C. 2917.11, a minor misdemeanor. The court granted the motion, requesting that the State follow up with a written motion to amend.
 {¶ 5} Following a bench trial, appellant was found guilty of disorderly conduct, and was sentenced to twenty-five hours of community service and to pay court costs.
 {¶ 6} Appellant filed a notice of appeal on September 7, 2004, and herein raises the following two Assignments of Error:
 {¶ 7} "I. The trial court erred as a matter of law by granting the state's motion to amend the charge of child endangering to disorderly conduct at trial.
 {¶ 8} "II. The verdict of the trial court was against the manifest weight of the evidence when it failed to consider the affirmative defense of reasonable parental discipline."
 I. {¶ 9} In her First Assignment of Error, appellant argues that the minor misdemeanor crime of disorderly conduct is not a lesser included offense of the greater offense of child endangering, and therefore the trial court erred in permitting the modification of the complaint to the lesser charge. We disagree.
 {¶ 10} Amending a charge in an indictment to a lesser included offense does not change the name or identity of the crime charged. State v.Carrion, Lorain App. No. 01CA007797, 2002-Ohio-308, citing State v.Robinson (Mar. 15, 1995), Lorain App. No. 94CA005788. An offense may be a lesser included offense of another if: 1) the offense carries a lesser penalty; 2) the greater offense, as statutorily defined, can never be committed without committing the lesser offense as well; and 3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus. In determining whether the greater offense could ever be committed without committing the lesser as well, we are to examine the elements of the crimes in the abstract, and not undertake an analysis of the facts of a particular case until after the Deem test is met and we indeed find that the offense at issue is a lesser included offense. State v. Koss (1990), 49 Ohio St.3d 213, 218; State v. Nelson
(January 12, 2000), Tuscarawas App. No. 1999AP020007.
 {¶ 11} R.C. 2919.22(A), child endangering, reads as follows:
 {¶ 12} "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *."
 {¶ 13} R.C. 2917.11, disorderly conduct, sets forth the following:
 {¶ 14} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 15} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
 {¶ 16} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;
 {¶ 17} "(3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;
 {¶ 18} "(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;
 {¶ 19} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
 {¶ 20} By analogy, we note this Court has previously held that the charge of disorderly conduct is a lesser included offense of assault, in certain circumstances. See State v. McElfresh (April 8, 1998), Tuscarawas App. No. 97 CR 98, citing State v. Reynolds (1985), 25 Ohio App.3d 59,495 N.E.2d 971. In the case sub judice, appellant indeed objected to the amendment of the charge, but she did not request a specification of which subsection of R.C. 2917.11 would apply. See Tr. at 4. Therefore, upon review of the text of the aforesaid statutes, we concur with the State's position that a defendant, by committing the crime of child endangering by creating a substantial risk to the health and safety of a child, will necessarily commit some violation of R.C. 2917.11, at the very least under subsection (A)(5), supra.
 {¶ 21} Accordingly, we find no error in this case in the allowance of the modification of the charge to that of disorderly conduct. Appellant's First Assignment of Error is overruled.
 II. {¶ 22} In her Second Assignment of Error, appellant contends her conviction is against the manifest weight of the evidence. We disagree.
 {¶ 23} In considering an appeal concerning the manifest weight of the evidence, our standard is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also, State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 24} The State's two main witnesses were two of appellant's neighbors, Mark Connors and Andrew Mayle. Connors testified he heard "cracking" sounds and screaming while he was doing some work at his house. He observed appellant strike Kenyetta with a wide leather strap, and attempted to break up the altercation. He recalled asking appellant to stop her actions, to which appellant responded that he should mind his own business. Tr. at 13-14.
 {¶ 25} Mayle also heard several "smacking" sounds and looked out to see appellant strike Kenyetta four times with the belt. He also recalled appellant "clotheslining" Kenyetta, i.e., striking her in the back of the neck with her arm. Tr. at 23-24. Both Connors and Mayle were compelled to call the police based on what they had witnessed.
 {¶ 26} Appellant chiefly contends that the trial court's implicit rejection of the defense of reasonable parental physical discipline was against the weight of the evidence. She points out that defense witness Doug Hudak, an investigator for the Stark County Department Job and Family Services, did not describe the incident as abuse, and that he felt appellant's actions were "in the realm of parenting discipline." Tr. at 33. Appellant also emphasizes testimony from Kenyetta's aunt, as well as from appellant herself, portraying Kenyetta as being extremely disrespectful during the incident, and kicking, spitting at and using profanities toward these two adult relatives, who had forbade her from going to a party. However, Hudak admitted he had not spoken with Connors and Mayle, nor had he seen the pictures of the welts on Kenyetta taken by the police on the day of the incident. Indeed, Hudak testified that if he were to see welts on any child's buttocks, arms, back, or face, he would consider it abuse. Tr. at 34. In addition, the transcript reveals that appellant's own court testimony was frequently digressive, resulting at one point in an admonition from the bench for her to "stay focused." Tr. at 77. These developments may have resulted in a lessening of the weight given to Hudak's and appellant's testimony by the trier of fact.
 {¶ 27} Accordingly, having reviewed the record in the case sub judice, we do not find the result of the trial led to a manifest miscarriage of justice. As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. We hold the conviction for disorderly conduct was not against the manifest weight of the evidence.
 {¶ 28} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 29} For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
Wise, J., Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.
Costs to appellant.