THE STATE OF OHIO, APPELLANT, *v.* PEPKA, APPELLEE.

[Cite as *State v. Pepka*, 125 Ohio St.3d 124, 2010-Ohio-1045.]

*An indictment that charges a defendant with child endangering in violation of R.C. 2919.22(A) as a third-degree felony but does not contain language that the victim suffered serious physical harm adequately informs the defendant of the charge against which he must defend and is sufficient.*

(No. 2009-0678 — Submitted January 12, 2010 — Decided March 25, 2010.)

APPEAL from the Court of Appeals for Lake County, No. 2008-L-016, 2009-Ohio-1440.

_____

SYLLABUS OF THE COURT

An indictment that charges a defendant with child endangering in violation of R.C. 2919.22(A) as a third-degree felony but does not contain language that the victim suffered serious physical harm adequately informs the defendant of the charge against which he must defend and is sufficient.

_____

O'CONNOR, J.

{¶ 1} Pursuant to Crim.R. 7(D), a court may amend an indictment at any time provided that the amendment does not change the name or identity of the crime charged. We are called upon to determine whether amending an indictment that charges a defendant with endangering children in violation of R.C. 2919.22(A) as a third-degree felony to add language that the victim suffered serious physical harm impermissibly changes the name or identity of the offense. We hold that it does not.

{¶ 2} Pursuant to the Ohio Revised Code, the only circumstance in which child endangering in violation of R.C. 2919.22(A) is a third-degree felony

is when the victim suffers serious physical harm. R.C. 2919.22(E)(2)(c). An indictment that charges a defendant with child endangering in violation of R.C. 2919.22(A) as a third-degree felony but does not contain language that the victim suffered serious physical harm adequately informs the defendant of the charge against which he must defend and is sufficient. Because appellee Joseph Pepka's original indictment specified that he was being charged with third-degree-felony child endangering for violating R.C. 2919.22(A), the addition of the serious-physical-harm language in the amended indictment changed neither the name nor the identity of the crime. We therefore reverse the judgment of the court of appeals and reinstate Pepka's third-degree-felony convictions and sentence.

**Relevant Background**

{¶ 3} In March 2007, Pepka lived in an apartment in Eastlake, Ohio, with his girlfriend, Kaysie Perry, and her eight-month-old daughter, M.P. On the morning of March 3, 2007, Pepka gave M.P. a bath, but when he placed her in the bathtub, the water was too hot, and M.P. cried. Pepka and Perry cooled the water, and Pepka finished giving the bath. After the bath, Perry noticed that M.P.'s feet were pink. Perry and Pepka argued, and Perry left the apartment to do laundry, leaving M.P. with Pepka.

{¶ 4} Pepka later called Perry and told her that he thought M.P. was having seizures. Pepka claims that he took off M.P.'s clothes, put her in a little bit of cold water in the bathtub to revive her, wrapped her in towels, and called 9-1-1. Responding paramedics testified that they found M.P. lying on a wet towel in the living room. She was partially dressed, and her clothes were wet. Her lips and extremities were blue, and she was unresponsive. The paramedics determined that her body temperature was 85.7 degrees Fahrenheit, and they transported her almost immediately to Hillcrest Hospital. On the way to the hospital, the paramedics managed to restore M.P. to consciousness. M.P. was

2

later transferred from Hillcrest to Rainbow Babies and Children's Hospital. M.P. suffered permanent and serious physical injury as a result of Pepka's actions.

{¶ 5}   At trial, the state introduced testimony from a consulting physician that M.P.'s body temperature had dropped dangerously low, that her left foot had been burned from submersion into something hot, and that she had suffered a subdural hematoma and retinal hemorrhages in both eyes. The physician testified that the latter two injuries were consistent with her having been shaken. The physician also testified that M.P.'s injuries were inconsistent with the history given by Pepka.

{¶ 6}   On June 25, 2007, a three-count indictment was filed against Pepka. Each count read as follows:

{¶ 7}   "On or about the 3rd day of March, 2007, in the City of Eastlake, Lake County, State of Ohio, one JOSEPH PEPKA did recklessly, being the parent, guardian, custodian, person having custody or control, or person in loco parentis of a minor victim, a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, to wit: eight months of age, create a substantial risk to the health or safety of the said female minor victim, by violating a duty of care, protection, or support.

{¶ 8}   "This act, to-wit: Endangering Children, constitutes a Felony of the Third degree, contrary to and in violation of the Ohio Revised Code, Title 29 §2919.22(A) and against the peace and dignity of the State of Ohio."

{¶ 9}   Pepka entered a not-guilty plea. And on December 11, 2007, the state moved the trial court to amend the indictment to add additional language to the first paragraph in each count specifying that Pepka had caused "serious physical harm to the said female minor victim." The trial court granted the state's motion to amend on December 12, 2007, and a jury trial commenced on December 17, 2007..

{¶ 10} Prior to opening statements, Pepka objected to the judge's having allowed the state to amend the indictment and requested that the new language be removed, or, alternatively, that the judge grant him a two-week continuance. Pepka argued that he was not prepared to defend against the allegation that he had caused serious physical harm. However, upon questioning by the trial court, Pepka's counsel admitted knowing upon the initial indictment that the charges brought were for third-degree felonies, not misdemeanors, and that the state would argue that M.P. had suffered serious physical harm. Counsel also stated that he had received the medical records and the consulting physician's report, which described the seriousness of M.P's injuries, two or three months before trial. After a lengthy dialogue, the trial court concluded that the amendment did not change the nature of the harm alleged, that appellee had sufficient notice regarding the serious-physical-harm allegation, and that appellee did not need additional time to prepare to defend against that allegation. The trial court overruled Pepka's objection to the amended indictment and denied his motion for a continuance.

{¶ 11} A jury returned guilty verdicts on all three counts. Before the sentencing hearing, defense counsel moved the court to sentence Pepka for first-degree misdemeanors rather than for the third-degree felonies of which he was convicted. Counsel argued that the state should not have been permitted to amend the indictment and that without the amendment, Pepka had been charged with only misdemeanor child endangering. The trial court reaffirmed its decision allowing the state to amend the indictment and sentenced Pepka to four years in prison on the felony convictions.

{¶ 12} Appellee appealed his convictions and sentence. A divided court of appeals reversed the judgment of the trial court and held that the original indictment had been fatally defective for failing to specify the serious-physical-harm specification or element. *State v. Pepka*, Lake App. No. 2008-L-016, 2009-

Ohio-1440, ¶ 36. The court of appeals agreed with Pepka that by allowing the state to amend the indictment, the trial court had permitted Pepka to be convicted of a charge that was " ' "essentially different from that found by the grand jury." ' " Id., ¶ 37, quoting *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶ 12, quoting *State v. Headley*, 6 Ohio St.3d 475, 478-479, 453 N.E.2d 716. The court of appeals vacated Pepka's felony convictions, remanded the case to the trial court, and ordered the trial court to enter judgments of conviction on three counts of first-degree-misdemeanor child endangering. Id., ¶ 78.

{¶ 13} We granted the state's discretionary appeal to address the important constitutional issues implicated in this appeal. *State v. Pepka*, 122 Ohio St.3d 1477, 2009-Ohio-3625, 910 N.E.2d 477. The state asserts two propositions: (1) "an indictment that charges a defendant with endangering children in violation of R.C. 2919.22(A) as a felony of the third degree is sufficient regardless of whether it indicates that the victim suffered serious physical harm," and (2) "the elements of endangering children do not include serious physical harm suffered by the victim." The state argues that "serious physical harm is a special finding to determine the degree of the offense, but is not part of the definition of the crime." Because we reverse the Eleventh District's decision based on the first proposition and application of *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, and *State v. O'Brien* (1987), 30 Ohio St.3d 122, 508 N.E.2d 144, we do not reach the second proposition.

## Analysis

{¶ 14} Article I, Section 10 of the Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." Thus, the Ohio Constitution guarantees an accused that the essential facts constituting the offense for which he

is tried will be found in the indictment by the grand jury. *Harris v. State* (1932), 125 Ohio St. 257, 264, 181 N.E. 104.

{¶ 15} As this court recently reaffirmed, "[u]nder Crim.R. 7(D), a court may amend an indictment 'at any time' if the amendment does not change 'the name or identity of the crime charged.' " *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶ 1. An amendment that changes the penalty or degree of the charged offense changes the identity of the offense and is not permitted by Crim.R. 7(D). Id. As long as the state complies with Crim.R. 7(D), it may cure a defective indictment by amendment, even if the original indictment omits an essential element of the offense with which the defendant is charged. *State v. O'Brien*, 30 Ohio St.3d at 127-128, 508 N.E.2d 144.

{¶ 16} As the Eleventh District noted, it is undisputed that the name of the crime alleged against Pepka was never amended—he was always charged with endangering children in violation of 2919.22(A). *State v. Pepka*, 2009-Ohio-1440, ¶ 31. However, the Eleventh District held that by adding the language specifying that the alleged crimes resulted in serious physical harm to the victim, the state modified the charges from first-degree misdemeanors to third-degree felonies. Id. As a result, the court of appeals concluded, the amendment did not satisfy Crim.R. 7(D), because it impermissibly changed the identity of the crimes. Id.

{¶ 17} The state asks the court to reverse the Eleventh District's judgment and hold that the amendment did not change the degree or identity of the crimes alleged against Pepka. Specifically, the state explains that the body of the indictment for each count specified that Pepka was charged with a third-degree felony and that pursuant to R.C. 2919.22(E)(2)(c), the only circumstance in which endangering children in violation of R.C. 2919.22(A) is a third-degree felony is when the victim suffers serious physical harm. Thus, the state contends that by

charging him with third-degree felonies, Pepka's indictment was sufficient to notify him that he was charged with causing M.P. serious physical harm.

{¶ 18} Pepka, however, contends that the charges in the indictment did not allege an essential element of third-degree-felony child endangering—that he caused the victim serious physical harm. Therefore, Pepka argues, the indictment was sufficient to charge him with only misdemeanor offenses. Pepka insists that by amending the indictment to allege that he caused M.P. serious physical harm, the state unconstitutionally changed the degree and identity of the offense with which he was charged.

{¶ 19} The state concedes that if the original indictment had been insufficient to charge Pepka with third-degree felonies, then the amendment impermissibly changed the charges from first-degree misdemeanors to third-degree felonies. Therefore, whether the trial court erred in granting the state's motion to amend the indictment turns on whether the original indictment was sufficient to charge Pepka with third-degree-felony child endangering. We hold that the indictment was sufficient.

{¶ 20} "The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 7. " 'An indictment meets constitutional requirements if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." ' " Id. at ¶ 9, quoting *State v. Childs* (2000), 88 Ohio St.3d 558, 564-565, 728 N.E.2d 379, quoting *Hamling v. United States* (1974), 418 U.S. 87, 117-118, 94 S.Ct. 2887, 41 L.Ed.2d 590.

{¶ 21} The original indictment set forth the elements of child endangering under R.C. 2919.22(A) and specified that Pepka was being charged with third-

degree felonies. The only circumstance in which child endangering in violation of R.C. 2919.22(A) is a third-degree felony is when the victim suffers serious physical harm. R.C. 2919.22(E)(2)(c). Thus, the original indictment was sufficient to provide Pepka with adequate notice of both the offenses and the degree of the offenses with which he was charged. In fact, Pepka's counsel conceded at trial and at oral argument in this court that Pepka knew "[f]rom the beginning" that he was facing third-degree-felony charges and that the state would argue that M.P. had suffered serious physical harm. Pepka was also aware that the state planned to submit evidence at trial of the seriousness of M.P.'s injuries, based on discovery received from the state months before trial— including M.P.'s medical records and the consulting physician's report. Finally, each charge in the indictment specified one crime and was specific enough to prevent future prosecutions based on the same offense.

{¶ 22} Pepka argues that the indictment was insufficient because the statement in the indictment—"This act, to wit: Endangering Children, constitutes a Felony of the Third degree * * *"—is a conclusion of law, whereas a grand jury's role is to find the material and essential facts constituting an offense. The assertion is not persuasive.

{¶ 23} In support of his argument, Pepka cites *State v. Wozniak* (1961), 172 Ohio St. 517, 521, 18 O.O.2d 58, 178 N.E.2d 800, a case that was decided prior to the enactment of Crim.R. 7(D) and that is therefore not controlling. *O'Brien*, 30 Ohio St.3d at 125, 508 N.E.2d 144, fn. 5. Furthermore, endangering children in violation of R.C. 2919.22(A) can be a third-degree felony only upon a finding of serious physical harm to the victim. R.C. 2919.22(E)(2)(c). The fact that the grand jury returned an indictment for third-degree-felony child endangering under R.C. 2919.22(A) against Pepka means that it had made the necessary factual finding of serious physical harm. That return was sufficient to give Pepka the notice required by the Ohio Constitution. " '[T]here is no

requirement that the indictment demonstrate the basis for the grand jury's findings. The bill of particulars serves this function.' " *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 10, quoting *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 30. Indeed, Pepka's counsel conceded this point at oral argument, stating, "We all know that the actual facts necessary to indict for the third-degree felony were present and probably were at the grand jury" and that the fact that the indictment alleged third-degree felonies without specifying that Pepka caused serious physical harm was due to a "ministerial mistake."

{¶ 24} Because the original indictment was sufficient to charge appellee with third-degree-felony child endangering, the trial court did not err in granting the state's motion to amend the indictment. The amendment changed neither the name nor the identity of the offense.

### Conclusion

{¶ 25} Pepka was on notice from the initial indictment that he was charged with a third-degree felony for violating R.C. 2919.22(A), and the Revised Code makes it clear that the only circumstance in which endangering children under R.C. 2919.22(A) is a third-degree felony is when the victim suffers serious physical harm. Pepka's original indictment was sufficient to charge him with a third-degree-felony offense, and the amended indictment did not change the name or identity of the crime charged. Therefore, we reverse the decision of the court of appeals and reinstate Pepka's third-degree-felony convictions and sentence.

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., and O'DONNELL, J., dissent and would dismiss the appeal as having been improvidently accepted.

_____

Charles E. Coulson, Lake County Prosecuting Attorney, and Joshua S. Horacek, Assistant Prosecuting Attorney, for appellant.

Albert L. Purola, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.

_____