[Cite as *State v. Mays*, 2013-Ohio-4031.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99150**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TRACY MAYS

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559249

**BEFORE:** E.T. Gallagher, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
38109 Euclid Avenue
Willoughby, Ohio 44094


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Andrew Rogalski
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Tracy Mays ("Mays"), appeals his domestic violence conviction. We find no merit to the appeal and affirm.

{¶2} Mays was charged, by way of information, with one count of domestic violence. He subsequently informed the court, on the record, that he waived his right to presentment of the charge to a grand jury and executed a written waiver. At a later date, Mays pleaded no contest to the one count of domestic violence on the information charge. The court found Mays guilty and sentenced him to a 17-month prison term. Mays now appeals, raising two assignments of error.

{¶3} In the first assignment of error, Mays argues the trial court erred when it proceeded on the information charge without advising him of his constitutional right to a grand jury. He contends the court's acknowledgment of a signed waiver on the record fails to satisfy the requirements set forth in Crim.R. 7(A) and R.C. 2941.021. In the second assignment of error, Mays argues his conviction should be vacated, because the trial court failed to explain the difference between a guilty plea and a no contest plea. We discuss these assigned errors together because they are interrelated.

**Waiver of Indictment**

{¶4} Ohio Constitution, Article I, Section 10, provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." Thus, "the Ohio Constitution guarantees an accused that the essential facts constituting the offense for which he is tried will be found in the

indictment by the grand jury." *State v. Pepka*, 125 Ohio St.3d 124, 2010-Ohio-1045, 926

N.E.2d 611, ¶ 14, citing *Harris v. State*, 125 Ohio St. 257, 264, 181 N.E. 104 (1932).

{¶5} Crim.R. 7(A) provides, in relevant part:

A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court.

Similarly, R.C. 2941.021 provides that a defendant may be prosecuted by information

"after he has been advised by the court of the nature of the charge against him and of his

rights under the constitution, is represented by counsel or has affirmatively waived

counsel by waiver in writing and in open court, waives in writing and in open court

prosecution by indictment."

{¶6} At a pretrial hearing, the following exchange took place:

THE COURT: So now you feel more confident and you are comfortable with Mr. Guarnieri, it is my understanding that you are going to waive presentment of your charges to the Grand Jury and proceed by way of information; is that correct?

THE DEFENDANT: Yes.

THE COURT: You did sign a waiver?

MR. GUARNIERI: He did, Your Honor.

{¶7} Although Mays indicated that he had already signed a written waiver, there is

no indication in the transcript that the court advised Mays of the nature of the domestic

violence charge, his right to an indictment, or any of his other constitutional rights.

Thus, the court failed to comply with Crim.R. 7(A) and R.C. 2941.021.

**{¶8}** Nevertheless, Mays pleaded no contest to the information charge. By voluntarily entering a no contest plea, the defendant waives his right to contest non-jurisdictional defects that occurred before the plea was entered. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). The manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional. *State ex rel. Beauchamp v. Lazaroff*, 77 Ohio St.3d 237, 238, 673 N.E.2d 1273 (1997), citing *Wells v. Maxwell*, 174 Ohio St. 198, 200, 148, 188 N.E.2d 160 (1963). Thus, by pleading no contest, the defendant waives his right to a direct appeal of any alleged defects in the information. *Stacy v. Van Coren*, 18 Ohio St.2d 188, 248 N.E.2d 603 (1969); *State v. Hill*, 8th Dist. Cuyahoga No. 61685, 1993 Ohio App. LEXIS 641 (Feb. 4, 1993).

**{¶9}** Therefore, we must now consider Mays's second assignment of error, which challenges the validity of his no contest plea in order to determine whether his no contest plea constituted a waiver of his right to contest the court's failure to comply with Crim.R. 7(A) and R.C. 2941.021.

## No Contest Plea

**{¶10}** In his second assignment of error, Mays argues his conviction should be vacated because the trial court failed to explain the effect of his plea. Mays implies that because the trial court failed to explain the difference between a guilty plea and a no contest plea, he did not enter his plea knowingly, intelligently, and voluntarily.

**{¶11}** Crim.R. 11(C)(2)(b) states that the court shall not accept a no contest plea without first ensuring that "the defendant understands the effect of the plea of guilty or no contest." "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus. Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

**{¶12}** The trial court did not advise Mays that a no contest plea is an admission of the facts alleged in the information or that the plea could not be used against him in a subsequent proceeding. However, this error is harmless. Because the rights contained in Crim.R. 11(C)(2)(b) are nonconstitutional, Mays must show that he suffered some prejudice from the court's omission. *Jones* at ¶ 52. The test for prejudice is "whether the plea would have otherwise been made." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). A defendant who has entered a guilty or no contest plea without asserting actual innocence is presumed to understand the effect of the plea, and the court's failure to inform the defendant of the effect of the plea as required by Crim.R. 11 is presumed not to be prejudicial. *Griggs* at syllabus.

**{¶13}** Mays does not argue he was prejudiced by the court's failure to advise him of the effect of his guilty plea, nor is any prejudice apparent on the record. Mays never asserted his innocence or in any other way indicated he was unaware that his plea would constitute an admission of the truth of the facts alleged in the information. Although he may not have known that his admission of the facts alleged in the information could not be used against him in a subsequent proceeding, any ignorance of this fact cannot be considered prejudicial because this exclusionary rule inures to his benefit.

**{¶14}** Mays indicated he was satisfied with his lawyer's counsel and that he understood what was happening in the plea proceedings. Therefore, under the totality of the circumstances, we find no prejudice resulting from the court's failure to explain the effect of the plea as defined in Crim.R. 11(B).

**{¶15}** Therefore, both the first and second assignments of error are overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR