[Cite as *State v. Larabee*, 2023-Ohio-2060.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DONALD LARABEE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 CO 0007**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2020 CR 357

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Prosecuting Attorney, *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office, 135 South Market Street, Lisbon, Ohio 44432 for Plaintiff-Appellee and

*Atty. John P. Laczko,* John P. Laczko, LLC, City Centre One, Suite 975, 100 East Federal Street, Youngstown, Ohio 44503 for Defendant-Appellant.

Dated: June 21, 2023

**Robb, J.**

**{¶1}** Appellant, Donald Larabee, appeals the trial court's February 28, 2022 denial of his motion to dismiss. He contends his indictment charging two identical counts of gross sexual imposition lacks specificity and constitutes a due process violation. He also claims his retrial on one count violates his right against double jeopardy based on the lack of specificity throughout the proceedings and since he was acquitted on one count and found not guilty of the other after his first trial. For the following reasons, we overrule both assignments of error.

## Statement of the Case

**{¶2}** Appellant was charged via secret indictment in September of 2020 with two identical counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), third degree felonies. Both charges involved the same minor victim, who was less than thirteen years old at the time of the offense, and occurred during the same three-month time period. (September 16, 2020 Indictment.)

**{¶3}** Appellant plead not guilty. After the exchange of discovery, the case proceeded to jury trial in November of 2021. The arguments and testimony during trial detailed Appellant allegedly touched the victim during a family pool party. The state alleged Appellant touched the minor's breast while they were both in the water. Thereafter, while they were both out of the pool, Appellant allegedly put his hand inside the child's swimsuit bottoms and touched her vagina. (Trial Tr. 398, 403-404.) Among the other evidence, Appellant and his wife testified. Appellant denied the allegations. (Tr. 494-504.)

**{¶4}** After deliberations, the jury reached a not guilty verdict on count one and informed the court that they were unable to reach a unanimous verdict on count two. (Trial Tr. 576-577.) The court ultimately declared a mistrial on count two. (November 10, 2021 Judgment.)

**{¶5}** Appellant moved to dismiss the remaining count against him. He alleged the lack of specificity in the indictment violated his rights to due process and also his retrial on the remaining charge, after a mistrial, violates the Double Jeopardy Clause. Appellant contends the state failed to differentiate between the two offenses for the duration of the

proceedings, and as a result, he does not know what conduct corresponds with the not guilty verdict. As a result, he claims he cannot adequately defend himself against the remaining charge. (December 17, 2021 Motion to Dismiss.)

{¶6} The state opposed his motion to dismiss. It argued the trial transcript would demonstrate the two counts were distinct throughout trial both via argument and evidence. The assistant prosecutor also stated during the hearing on the motion that she had an informal telephone conversation with defense counsel before trial during which she explained the difference between the two gross sexual imposition counts. The defense did not challenge this contention. (January 24, 2022 Tr. 5-7.)

{¶7} The trial court overruled the motion to dismiss. It held due process was not violated based on the "carbon copy" charges in the indictment. The court also found jeopardy did not attach to the remaining count, and the state had "presented evidence of separate sexual contact corresponding with the two counts of Gross Sexual Imposition." (February 28, 2022 Judgment.)

{¶8} The case was scheduled for a second jury trial when Appellant appealed the denial of his motion to dismiss. (March 14, 2022 Notice of Appeal.) He raises two assignments of error.

First Assignment of Error:  Due Process

{¶9} Appellant's first assignment of error asserts:

"The trial court erred in denying Defendant-Appellant's motion to dismiss his indictment based upon sufficiency of the evidence, a due process violation."

{¶10} Appellant contends his right to due process was violated because of his inability to differentiate which conduct corresponded with which count of the indictment. He claims he was charged with identical offenses, i.e., two "carbon copy" charges, and neither the indictment nor the bill of particulars distinguished them. He also claims the court erred by failing to grant his motion for acquittal since the evidence at trial did not support or establish two counts of gross sexual imposition. We disagree.

{¶11} This court has consistently set forth the requirements for an indictment to satisfy due process. The indictment does not have to contain the underlying facts of the offense that are not elements of the charge; this is the function of the bill of particulars. *State v. Miller*, 2018-Ohio-3430, 118 N.E.3d 1094, ¶ 17 (7th Dist.), citing *State v. Pepka*,

125 Ohio St.3d 124, 2010-Ohio-1045, 926 N.E.2d 611, ¶ 23. An indictment is sufficient if it "contains a statement that the defendant has committed a public offense" which may be "in ordinary and concise language" and in the words of the applicable section of the statute, "provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Crim.R. 7(B). The state should supply specifics in response to a bill of particulars or demand for discovery regarding an offense when it possesses such information. *Id.* citing *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985). "A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not *per se* impermissible or necessarily fatal to a prosecution." *Id.*

{¶12} Here, Appellant was charged with two separate counts of gross sexual imposition for alleged conduct involving a minor under the age of thirteen, which occurred on the same date. The September 16, 2020 indictment states:

> Count One: On or about the 1st day of June, 2016 through the 1st day of September, 2016, in Columbiana County, Ohio, Donald Larabee did have sexual contact with * * * *, DOB: * * * 2007, not his spouse, when * * * was less than thirteen years of age, whether or not the offender knew the age of that person; in violation of Section 2907.05(A)(4) of the Ohio Revised Code, being a felony of the third degree.

> Count Two: On or about the 1st day of June, 2016 through the 1st day of September, 2016, in Columbiana County, Ohio, Donald Larabee did have sexual contact with * * *, DOB: * * * 2007, not his spouse, when * * * was less than thirteen years of age, whether or not the offender knew the age of that person; in violation of Section 2907.05(A)(4) of the Ohio Revised Code, being a felony of the third degree.

And R.C. 2907.05(A)(4), which defines gross sexual imposition, states:

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

* * *

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶13} "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Both charges in his indictment set forth the elements of the offense.

{¶14} Defense counsel filed a request for a bill of particulars per Crim.R. 7(E) on October 13, 2020. As Appellant contends, there is no corresponding state response. However, the prosecutor stated during the hearing on Appellant's motion to dismiss that she spoke with defense counsel over the telephone and provided him with the information corresponding to the bill of particulars. The prosecutor explained:

Counsel for the defense, * * * did contact myself, and we had a discussion informally over the telephone about the two different counts and what we were talking about.

In fact, there was some confusion with regard to a reference to a shower. And we had kind of discussed that as well the two acts, if you will, or the * * * distinction between the two counts – very informally.

There having been no objection, Your Honor, the state was of the opinion that the defendant certainly had notice of the conduct that he would need to defend. And throughout the course of the trial, beginning with voir dire and on through, it was clearly set forth with some specificity – the conduct that related to each particular count.

(January 24, 2022 Tr. 6-7.) There was no objection to her assertion and nothing to the contrary.

{¶15} Moreover, on May 24, 2021, the state moved to compel the defendant's responses to discovery. In the motion, the assistant prosecuting attorney contends she answered the defendant's request for discovery in November of 2020.

{¶16} Further, Appellant did not move to compel the issuance of the bill of particulars. *See State v. Hickle*, 6th Dist. Ottawa No. OT-03-034, 2004-Ohio-5250, ¶ 15. Accordingly, we conclude Appellant's right to due process was not violated since the

indictment was sufficient and the state indicated it differentiated the charges in advance of trial.

**{¶17}** To the extent Appellant argues there was insufficient evidence for the state to charge the jury with two separate counts of gross sexual imposition, we disagree with this contention as well.

**{¶18}** Crim.R. 29(A) states in part: "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."

**{¶19}** Whether the evidence is legally sufficient to sustain a verdict is a question of law, which appellate courts review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997); *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 3. On appeal, we determine whether the evidence presented, viewed in a light most favorable to the prosecution, allows a rational trier of fact to find the essential elements of the crime established beyond a reasonable doubt. *State v. Dent*, 163 Ohio St.3d 390, 2020-Ohio-6670, 170 N.E.3d 816, *reconsideration denied sub nom. State v. Walker*, 160 Ohio St.3d 1517, 2020-Ohio-6946, 159 N.E.3d 1179. In a sufficiency of the evidence review, "[a] victim's testimony, alone, is sufficient to support a conviction." *State v. Daylong*, 10th Dist. No. 19AP-279, 2021-Ohio-4192, 181 N.E.3d 1245, ¶ 40, *appeal not allowed,* 166 Ohio St.3d 1449, 2022-Ohio-994, 184 N.E.3d 150.

**{¶20}** The state made clear in its opening and closing statements what conduct corresponded with each count. (Tr. 203, 520.) Although the jury acquitted Appellant of one count and could not reach a unanimous verdict on the other, there was sufficient evidence for both.

**{¶21}** The jury did address this issue in a question to the court. The jury asked in its first question to the court: "Which indictment is for which charge? Both are the same level of charge, but we feel the distinction is important." The typed response by the court given to the jury stated: "There is only one indictment which contains two charges. While each count charges the same offense you must determine from the evidence presented whether conduct occurred that meets the elements for each offense charged." (Court's Exhibit 2.)

Case No. 22 CO 0007

{¶22} The alleged victim's testimony alone is sufficient to convict Appellant of both counts. The alleged victim was fourteen years old at the time of trial. She testified on direct examination that during an initial meeting with a new therapist, the counselor asked her if she had ever been touched inappropriately or in a way that she "didn't want to be." The alleged victim answered yes, and she recalled her mom, "like freaking out and asking questions." She later told her mom it was "Donnie." She had never told her mother about this before. (Tr. 390-391.)

{¶23} The alleged victim identified Appellant at trial as the individual who had touched her. She was about eight years old when it happened. She recalled he was watching her swim after dark, and it was just the two of them in the swimming pool. At one point they were talking, and Appellant put "hands in the top of my bikini * * *." He kept asking her what it was, and she recalled telling him he should know because he "had a wife." They stayed in the swimming pool before eventually going inside. (Tr. 391-399.)

{¶24} After they were inside the home, the alleged victim recalled everyone else was sleeping or getting ready for bed. Appellant asked her if she wanted to watch YouTube videos on his phone before she went to bed. She said yes and sat on his lap. He touched her underneath her bathing suit bottoms. She described him feeling around in her "crotch," and he then had her get a blanket, and he started touching her again underneath her swimming suit bottoms with his hand. She said it felt weird and uncomfortable. She asked him to stop a few times before he finally did. She did not tell anyone about what he did for some time because she thought she would get in trouble. (Tr. 398-406.)

{¶25} Regardless of credibility, the alleged victim's testimony here was sufficient to convict Appellant of two counts of gross sexual imposition. Thus, the two gross sexual imposition charges were warranted based on the two separate acts involving Appellant allegedly touching her breast and then her pubic region when she was eight years old. R.C. 2907.01(B). Accordingly, the trial court did not err in overruling Appellant's motion for an acquittal.

{¶26} To the extent Appellant contends his retrial on one count after a mistrial violates due process, the Due Process Clause is not controlling. Instead, "when a defendant challenges his or her retrial, the Double Jeopardy Clause controls over the

more general Due Process Clause." *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790, ¶ 30. We address the issue and Appellant's argument in this regard under his second assigned error.

**{¶27}** Based on the foregoing, Appellant's first assignment of error lacks merit.

<u>Second Assignment of Error: Double Jeopardy</u>

**{¶28}** Appellant's second assignment of error contends:

"The trial court erred in denying defense motion to dismiss Defendant-Appellant's indictment based on double jeopardy."

**{¶29}** Appellant argues his retrial is violative of the right against double jeopardy because he does not know which conduct corresponds with the jury's not guilty verdict. Consequently, he claims he does not know what charge or conduct remains for retrial. This argument, however, does not comport with the record.

**{¶30}** When addressing a defendant's challenge to his retrial, the Ohio Supreme Court has rejected a conjoined due-process and double-jeopardy analysis. *Id.* As stated, the more specific Double Jeopardy Clause controls. *Id.*

**{¶31}** The state and federal Double Jeopardy Clauses are coextensive. *State v. Brewer,* 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 14, quoting *State v. Martello,* 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7. Under both, the state may retry a defendant when the trial court declares a mistrial because the jury failed to reach a verdict. *Anderson, supra*, at ¶ 32. "[A] mistrial following a hung jury is not an event that terminates the original jeopardy * * *. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree." *Richardson v. United States*, 468 U.S. 317, 326, 104 S.Ct. 3081 (1984).

**{¶32}** However, when a mistrial flows from prosecutorial misconduct designed to thwart a not guilty verdict, retrial is barred by double jeopardy. *State v. Glover,* 35 Ohio St.3d 18, 517 N.E.2d 900 (1988). "[A] conviction or acquittal creates a final result, which in turn triggers the protections of the Double Jeopardy Clause. Where there is no finality, there can be no double-jeopardy violation." *Anderson, supra*, at ¶ 42, citing *United States v. Perez,* 22 U.S. 579, 580 (1824).

**{¶33}** Appellant contends the state never designated which alleged conduct corresponded with which count. Thus, when the jury returned a verdict of not guilty on the first count and indicated it was unable to reach a unanimous verdict on count two, Appellant claims he does not know which alleged misconduct corresponds with the acquittal.

**{¶34}** During the state's opening statement, the prosecutor detailed that the victim did not report the offense soon afterward. Instead, the state explained the evidence would show that delayed disclosure is normal in sexual criminal offenses involving children. The prosecutor also emphasized the testimony would show that because the defendant was a member of the family, the victim did not want to negatively impact her family or her relationship with her cousins. The victim's initial disclosure was made to a medical professional and was limited to a single act, i.e., Appellant's act of putting his hand in the minor's swimsuit bottoms. Thereafter, and during the course of the investigation, the victim also relayed that Appellant had also touched her breast. The state detailed the sequence of the minor's disclosure and explained the testimony would show that the manner of her delayed and incremental disclosure were normal in sexual offenses involving minor victims. (Tr. 201.)

**{¶35}** The prosecutor stated in her opening: "The Defendant's been charged with gross sexual imposition, two counts, one related to the fondling of the [child's] breasts, the other related to the touching of the [child's] vaginal area, both occurring on the same date." (Tr. 203.)

**{¶36}** As stated in the prior assigned error, the state presented sufficient evidence by way of the alleged victim's testimony to convict Appellant of two counts of gross sexual imposition. The minor testified about two separate acts of sexual contact occurring on the same date when she was eight years old. She described Appellant first touching her under her bikini top while the two were in the pool. Thereafter, she said he put his hand in her swimming suit bottoms and touched her vagina. (Tr. 396-406.)

**{¶37}** Alicia Daniels, who conducted a forensic interview of the alleged victim, also testified. Daniels recounted the minor was 10 years old at the time of the interview. State's exhibit 4 is Daniels' report of the assessment dated August 10, 2018. Her interview was recorded and played during trial on a DVD. The recording depicts the minor

in a room with Daniels when she was ten years old. She was forthcoming and responsive to questioning. The alleged victim recalled that Appellant was drunk during a family pool party, so he and his wife decided to spend the night at the family house. Her parents left her at this family home for about a week. The minor wanted to swim after dark since they had recently added lights around the pool. After swimming, they went inside and watched YouTube videos on Appellant's phone, "and that is when he started touching me." The alleged victim recalled, "he was holding me so I, like, did not fall off of the chair, and he like started moving his hand down, and I didn't really think much about it." "But after a while he started touching me." (State's Exhibit 3.)

**{¶38}** The alleged victim was sitting on his lap and leaning back on his shoulder so she could see his phone. She recounted being in her bathing suit because she did not want to change. She and Appellant were the only two awake. "He took his hand and put it in my bathing suit." He touched her "private" or the outside of her vagina. When asked for details, the minor said he put his hand "down the front part of her bathing suit." "He was like rubbing it I guess." "I was uncomfortable." "It just felt weird." She said, "I didn't know what to do." She said she told him to stop, and he did. During this recorded interview, the alleged victim was asked if Appellant touched somewhere else on her body, and she said no. She said she knew he was drunk because he was "acting weird, different from how he normally does." She told her cousin about the incident a few weeks later. She later told Appellant's wife. The minor did not want to tell on him because she did not want them to get divorced. After the child told Appellant's wife about the incident, she called Appellant into the room. He told the minor he would not drink anymore. She remembers crying and saying she wanted him to stay in the family. (State's Exhibit 3.)

**{¶39}** On cross-examination, Daniels agreed that the minor child did not divulge during this interview that Appellant touched her breast or that inappropriate conduct occurred while the two were in the swimming pool. (Tr. 281.)

**{¶40}** Detective Daniel Haueter also testified. On cross-examination, he recalled the minor made more significant allegations about Appellant involving penetration, which likely would have warranted a rape charge. (Tr. 314-315.) However, Haueter said it was not his role to interview children who were victims of alleged sexual assault and what Appellant was or was not charged with was also not his decision. (Tr. 315-328.) Haueter

Case No. 22 CO 0007

also denied knowing about the alleged breast touching incident in the pool or whether the victim's initial disclosure included this allegation. (Tr. 333.)

**{¶41}** The alleged victim's mother also testified. She recalled learning about the accusations during one of her daughter's therapy appointments. The child was having stomach issues, which may have been caused by stress. During an initial appointment with a new counselor, the child alleged Appellant sexually abused her. The alleged victim did not want to harm her relationship with family members, so she initially did not tell on him. Her mother explained Appellant allegedly touched the child's breast and her vagina. (Tr. 367-369.)

**{¶42}** In its closing, the state concluded the evidence has shown the Defendant first fondled the victim's breast while they were both in the pool and he also put his hand in her swimsuit bottoms while they were inside the home. The prosecutor argued the state's evidence established both counts of gross sexual imposition beyond a reasonable doubt. (Tr. 520.)

**{¶43}** Appellant's wife, Katie Larabee, testified for the defense. Katie explained the alleged victim told her about the accusation well before it was relayed during therapy and to the child's mother. Katie recalled the minor spent the night at their home one night and was crying. The child confided in Katie about the allegations. She claimed while she was sitting in a chair watching videos with Appellant, he "put his hand under her swimsuit and just touched her." (Tr. 457.) That same night, Katie and the alleged victim confronted Appellant with these allegations, which the minor wrote on a piece of paper. According to Katie, Appellant cried and denied the allegations. Katie said the alleged victim and Appellant both cried and hugged one another. The three then collectively agreed to burn the paper. The next day, Katie said the minor was not upset or emotional. In fact, the alleged victim subsequently went to Disney with them, and she stayed in the same room as Katie and Appellant during the trip. (Tr. 458.)

**{¶44}** Appellant testified on his own behalf. He denied being intoxicated on the night in question, but recalled drinking some beer. He denied putting his hand inside the minor's bathing suit and touching her vagina. He also recalled the night the child and Katie confronted him with the allegations of inappropriately touching her. He explained that he cried and told the child he was sorry she felt that way, but also remembered telling

her, "you know I would never do that to you." He said he was "sobbing," the alleged victim was also crying, and they hugged one another. He and Katie did not tell the child's parents because the allegations were "not true." (Tr. 494-504.)

**{¶45}** During its closing remarks, the defense took aim at the victim's alleged inconsistent statements or versions of the facts. The defense argued this new allegation about defendant inserting his thumb into the child's vagina while the two were in the swimming pool was ignored by the state and showed the victim was not credible. (Tr. 532-533.) Defense counsel also highlighted that certain witnesses were completely unaware about certain aspects of the minor's allegations in an effort to discredit her. (Tr. 536.)

**{¶46}** However, the victim was not asked about this thumb allegation during trial. Furthermore, Detective Haueter testified on cross-examination that he believed this accusation was never pursued. Instead, he recalled Appellant was not charged with rape because this allegation was revealed three years later and after the current charges were filed. Haueter believed he had advised the child's mother to have her re-interviewed based on this additional detail. Moreover, in an effort to further discredit the alleged victim, the defense asked Haueter about another officer's report that indicated Appellant inappropriately touched the alleged victim in the shower, which was inconsistent with the state's evidence. (Tr. 314-317, 323-324.)

**{¶47}** The jury evidently found the defense arguments persuasive because it did not convict Appellant on count one, and found him not guilty. On the second count, the jury did not reach a unanimous decision despite the court redirecting the jury into the deliberation room two times. The jury was given the case at approximately 11 a.m., and at about 2 p.m. on the same date, they asked the court: "Procedural—what happens if we cannot come to an agreement?" The court then directed the jury to take more time or until at least 4 p.m. that day.

**{¶48}** Then at 4 p.m., the jury foreman indicated they were still in the same position without any progress since they last interacted with the court. At that point, there was a colloquy between the foreperson and the court in the presence of the parties. This exchange resulted in the court instructing the jury with the "dynamite charge" advising the jury to continue to deliberate. (Tr. 565-572.) On the second day of deliberations and the

fourth day of trial, the jury posed another written question, inquiring: "Do we have to return both counts at the same time? The jury is in agreement on one count, but we are at an impasse on the second." (Tr. 573.) After this question, the court acknowledged the jury was at an impasse and heard the verdict. The jury found Appellant not guilty on count one, and it indicated it could not reach a verdict on count two. (Tr. 576; November 10, 2021 Judgment.)

{¶49} The jury was required to find one of the forms of sexual contact took place between Appellant and the victim for each count of gross sexual imposition; the statute does not require it to identify the specific type of sexual contact. R.C. 2907.05(A)(4); *see State v. Thompson*, 33 Ohio St.3d 1, 11, 514 N.E.2d 407 (1987).

{¶50} Notwithstanding, the state's arguments during trial made clear Appellant's alleged touching of the minor's breast corresponded with count one and his alleged act of touching the minor's vagina supported the second count of gross sexual imposition. This conclusion is consistent with the state's arguments, the presentation of evidence, the chronology of the alleged acts, and the jury's verdict. This conclusion is also bolstered by the fact that the majority of witnesses testified about the child's allegation involving Appellant touching the minor under her swimsuit bottoms.

{¶51} Consistent with the evidence and the defense arguments, the jury found Appellant not guilty on count one corresponding with the alleged act of touching the child's breast. The jury could not reach an agreement as to the second count corresponding with his alleged touching the minor under her swimsuit bottoms. This conclusion is adduced from a review of the arguments and evidence. *State v. Stanforth*, 12th Dist. Clermont No. CA2016-07-052, 2017-Ohio-4040, ¶ 43 (rejecting a double jeopardy argument for duplicate charges based on the state's presentation of evidence tied to each count, which allowed the defendant to defend against each count, and the jury to separately contemplate each count.)

{¶52} In light of the jury's inability to reach a verdict on the second count of gross sexual imposition, which corresponds with Appellant's alleged touching the victim's vagina under her swimsuit bottoms, finality did not attach, and double jeopardy is not violated via the trial court's denial of Appellant's motion to dismiss the remaining count. *Anderson*, *supra*, at ¶ 42.

## Conclusion

{¶53} For the reasons stated, Appellant's assignments of error lack merit and are overruled. The trial court's judgment overruling Appellant's motion to dismiss is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

[Cite as *State v. Larabee*, 2023-Ohio-2060.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**