[Cite as *State v. Pence*, 2024-Ohio-3067.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

RANDY W. PENCE,

        Defendant-Appellant.

CASE NO. 2024-T-0004

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00719

---

# O P I N I O N

Decided: August 12, 2024
Judgment: Affirmed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481 (For Plaintiff-Appellee).

*Byron D. Corley*, 3 North Main Street, Suite 602, Mansfield, Ohio 44902 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Randy W. Pence ("Mr. Pence"), appeals from the judgment of the Trumbull County Court of Common Pleas that sentenced him, following his guilty pleas to two counts of felonious assault against a peace officer, to an indefinite prison term of six to nine years and a concurrent definite prison term of six years.

{¶2} Mr. Pence raises one assignment of error on appeal, contending the trial court erred by permitting the State to amend the indictment pursuant to Crim.R. 7(D) to omit "serious" from the phrase "serious physical harm."

**{¶3}** After a careful review of the record and pertinent law, we find Mr. Pence's assignment of error is without merit. The State's amendment did not change the nature or identity of the crimes charged, and the change mirrored the language of R.C. 2903.11(A)(2). Further, the grand jury's finding of "serious physical harm" necessarily included the finding of "physical harm."

**{¶4}** The judgment of the Trumbull County Court of Common Pleas is affirmed.

### Substantive and Procedural Facts

**{¶5}** In September 2022, the Trumbull County Grand Jury indicted Mr. Pence on three counts: (1) & (2) felonious assault against a peace officer, first-degree felonies, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), and (3) felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2) and (D)(1)(a).

**{¶6}** The charges against Mr. Pence arose from an incident in which officers responded to his property to serve an arrest warrant. Mr. Pence locked himself in a shed at the back of the property. His mother's boyfriend agreed to force the door open for the officers, and when he did so, Mr. Pence hit him with an axe, lacerating his arm. The officers forcibly opened the shed door a second time, and Mr. Pence threw an axe at them. The axe narrowly missed one officer's head, sailed over his shoulder, and struck another officer in the arm, causing a minor injury.

**{¶7}** As relevant, in September 2023, the State filed a motion to amend the indictment to omit "serious" from the phrase "physical harm" to mirror the text of R.C. 2903.11(A)(2).[1]

---

1. The trial court found Mr. Pence incompetent to stand trial, which delayed the proceedings while he received treatment.

2

Case No. 2024-T-0004

{¶8} Mr. Pence opposed the motion, contending the change in the amendment would violate his right to due process.

{¶9} Later that month, the trial court issued a judgment entry granting the State's motion, finding that Mr. Pence would not suffer any prejudice from the change since "the indictment does specifically state that Defendant violated R.C. 2903.11(A)(2) which only includes 'physical harm'."

{¶10} On the same day, Mr. Pence reached a plea deal with the State and pleaded guilty to counts one and two, felonious assault against a peace officer.

{¶11} The trial court sentenced Mr. Pence to an indefinite prison term of six to nine years on count one and a concurrent six-year prison term on count two.

{¶12} Mr. Pence raises one assignment of error for our review:

{¶13} "The trial court erred in permitting the State to amend the indictment under Criminal Rule 7(D) to reflect an essential phrase of facts not in the indictment as presented to the grand jury over the objection of the appellant."

### Indictment Amendment

{¶14} In his sole assignment of error, Mr. Pence contends the trial court erred by permitting the State to amend the indictment by omitting "serious" from the phrase "serious physical harm" because such an amendment is a violation of his right to due process.

{¶15} Article I, Section 10 of the Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." Thus, the Ohio Constitution guarantees an accused that the

3

essential facts constituting the offense for which he is tried will be found in the indictment by the grand jury. *State v. Pepka*, 2010-Ohio-1045, ¶ 14.

{¶16} "Under Crim.R. 7(D), a court may amend an indictment 'at any time' if the amendment does not change 'the name or identity of the crime charged.'" *State v. Davis*, 2008-Ohio-4537, ¶ 1. An amendment that changes the penalty or degree of the charged offense changes the identity of the offense and is not permitted by Crim.R. 7(D). *Pepka* at ¶ 15. As long as the state complies with Crim.R. 7(D), it may cure a defective indictment by amendment, even if the original indictment omits an essential element of the offense with which the defendant is charged. *Id.*

{¶17} "'The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident.'" *Pepka* at ¶ 20, quoting *State v. Buehner*, 2006-Ohio-4707, ¶ 7. An indictment meets constitutional requirements if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he or she must defend, and (2) enables him or her to plead an acquittal or a conviction that bars future prosecutions for the same offense. *Id.*

{¶18} A trial court commits reversible error when it permits an amendment that changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice. *State v. Frazier*, 2010-Ohio-1507, ¶ 22 (2d Dist.). Whether an amendment changes the name or identity of the crime charged is a matter of law, which we review de novo. *Id.*

{¶19} If the amendment does not change the name or identity of the crime charged, then we apply an abuse of discretion standard to review the trial court's decision

4

to allow a Crim.R. 7(D) amendment. *Id.* at ¶ 23. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62, (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). Where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.* at ¶ 67. When a pure issue of law is involved in appellate review, however, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.*

{¶20} Mr. Pence pleaded guilty to counts one and two of the indictment, which originally alleged that he "did knowingly cause or attempt to cause *serious physical harm* to another by means of a deadly weapon or dangerous ordnance, to wit: an axe, and the victim of the offense is a peace officer . . ." in violation of R.C. 2903.11(A)(2) and (D)(1)(a). (Emphasis added.)

{¶21} R.C. 2903.11(A)(2) provides that "[n]o person shall knowingly . . . [c]ause or attempt to cause *physical harm* to another . . . by means of a deadly weapon or dangerous ordnance." (Emphasis added.) (We note this contrasts with felonious assault in violation of R.C. 2903.11(A)(1), which provides that "[n]o person shall knowingly . . . [c]ause serious physical harm to another . . . .")

{¶22} The original indictment accurately identified the offense and applicable Ohio Revised Code section and stated the essential elements. The language of the amendment did not change the name or identity of felonious assault but merely omitted "serious" to mirror the language of the statute. The essential elements remained the same. Further, Mr. Pence's argument that the State's amendment alters an "essential

5

Case No. 2024-T-0004

phrase of facts" not in the indictment as presented to the grand jury neglects the fact that the grand jury's finding of "serious physical harm" necessarily included the lesser included finding of "physical harm."

{¶23} As the Second District explained in *Frazier*, 2010-Ohio-1507 (2d Dist.), an apposite case:

{¶24} "We regard the inclusion of the word 'serious' in the indictment as mere surplusage, which is 'an averment which may be stricken, leaving sufficient description of the offense.' *State v. Berecz,* Washington App. No. 08CA48, 2010-Ohio-285, at ¶ 24, quoting [*State v.* ]*Kittle, . . .* [2005-Ohio-3198, ¶ 15 (4th Dist.)], in turn, quoting *State v. Bush* (1996), 83 Ohio Misc.2d 61, 65, 679 N.E.2d 747. An indictment is valid even when it contains 'surplusage or repugnant allegations when there is sufficient matter alleged to indicate the crime and person charged [.]' R.C. 2941.08(I). And Crim.R. 7(C) permits a court to strike surplusage from the indictment. Here, 'serious' is surplusage because it is not relevant to a charge of felonious assault under R.C. 2903.11(A)(2) and can be removed from the indictment while leaving all the essential elements of the crime. Therefore, the trial court's decision to allow the amendments was proper." *Id.* at ¶ 26. *See also State v. Cervantes*, 2022-Ohio-2536, ¶ 22-33 (3d Dist.) (contrary to the appellant's argument, the removal of the word "serious" before the phrase "physical harm" did not change the name or identity of the felonious assault offense; rather, it changed the language of the indictment to mirror that of R.C. 2903.11(A)(2)).

{¶25} In sum, the State's amendment did not "reflect an essential phrase of facts not in the indictment as presented to the grand jury" and did not violate Mr. Pence's right to notice of the charges against him.

6

Case No. 2024-T-0004

{¶26} Mr. Pence's assignment of error is without merit.

{¶27} The judgment of the Trumbull County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-T-0004